### ROBERSON et al. v. GRAHAM CORP.
### Civ. No. 51-1260.

United States District Court
D. Massachusetts.
Dec. 29, 1952.

FORD, District Judge.

Plaintiffs in this action seek to recover, among other items, for the breaking or destruction of certain antiques belonging to plaintiffs' decedent Edith M. Tourtellot, these articles allegedly having been damaged when defendant's truck crashed into the home of Mrs. Tourtellot on May 8, 1951. Mrs. Tourtellot died August 27, 1951 and the remaining undamaged pieces of her collection were appraised as of that date, in connection with the probate of her estate, by one Joseph Carbone, an appraiser appointed by the Middlesex Probate Court. In the course of a pre-trial deposition of Carbone, being taken by defendant, Carbone has refused to answer questions as to the

2. Moore's Federal Practice, 2d Ed., Vol. 4, par. 26.23 [8], p. 1136 et seq. and cases cited.

valuation which he placed on certain of the undamaged articles which he appraised. Defendant moves that he be ordered to answer.

The parties are in disagreement as to whether the valuation which Carbone placed on these articles is of any relevance to the present action. To resolve this disagreement it would be necessary to make further inquiry into the question of whether or not these undamaged pieces are so similar to certain of the damaged items that the value of the former would throw light on the value of the latter. It is, however, unnecessary to settle this issue at the present stage of the proceedings, since defendant's motion must be denied on another ground.

■ Defendant here seeks to interrogate an expert witness engaged by plaintiffs, not as to matters of fact, but specifically as to the expert opinion which he was paid by plaintiffs to render. In the absence of special circumstances making it impossible for a party to obtain the desired information by his independent research and investigation, he will not ordinarily be permitted to examine the experts engaged by the adverse party, since this is regarded as unfair to the party retaining the expert. Boynton v. R. J. Reynolds Tobacco Co., D. C., 36 F.Supp. 593; 4 Moore's Federal Practice, paragraph 26.24. Defendant here has hired expert appraisers who have examined the damaged pieces, and plaintiffs are willing to make the undamaged items appraised by Carbone available to defendant's experts for examination. If they do examine them, by comparison it would seem that they would be in an even better position to give information to defendant than Carbone, who has never had occasion to examine the damaged pieces.

■ Defendant argues that this general rule should not apply here, since Carbone was a court-appointed expert in a distinct proceeding and not one engaged by plaintiffs as part of their preparation of the present case. In the probate proceedings, however, he performed his services for the plaintiffs and was paid by them. If the value of the undamaged articles is ultimately held to be relevant in this proceeding, plaintiffs represent that Carbone is the expert whom they will call to testify to that value.

Defendant's motion to compel testimony is denied.