**Gussie SCHWARTZ, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant.**

United States District Court, S. D. New York.

Dec. 27, 1954.

William A. Hyman, New York City, for plaintiff.

Galli & Locker, New York City, John G. Donovan, New York City, of counsel, for defendant.

DAWSON, District Judge.

Defendant moves under Rule 34, 28 U. S.C.A., to inspect and copy the hospital record and physician's records with respect to plaintiff's decedent.

Plaintiff opposes the motion on the grounds that:

"(1) The hospital record is part of the attorney's work-product and

(2) It does not have possession, custody, or control of the physician's records."

Plaintiff's counsel affirms that he has photostatic copies of the hospital record, but that neither he nor plaintiff possesses copies of the physician's records.

Defendant, pursuant to Rule 26, has already taken the depositions of the hospital and the physician concerned, and inspected the documents which it now seeks to copy. It would appear from the papers submitted on the motion that plaintiff's counsel was present at the taking of depositions and no objection was raised to the inspection of the documents in question on the ground that they are privileged. See N.Y.C.P.A. § 352. Therefore, any objection to the production of the documents sought here on the ground that they were privileged was waived by plaintiff when it allowed defendant to inspect them at the time of the taking of the depositions referred to above. See Munzer v. Swedish American Line, D.C.S.D.N.Y.1940, 35 F.Supp. 493.

The hospital records sought are privileged communications within the scope of § 352 of the New York C.P.A. and may not be obtained by defendant without the permission of plaintiff. See Munzer v. State of New York, Ct.Cl.1943, 41 N.Y. S.2d 98. Therefore, while it is true that the copy of the hospital records in the hands of plaintiff's attorney may be part of the attorney's work-product and, under the doctrine of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, not obtainable, plaintiff does exercise control over the records because she, by either granting or withholding her consent, may determine who shall have access to the records.

Plaintiff shall, therefore, grant permission to the hospital and to the physician to allow defendant to examine and copy the records.

Motion granted in accordance with this memorandum. So ordered.