Francis A. FAHEY and Joseph Fahey, as Administrators of the Goods, Chattels and Credits which were of Eileen Fahey, deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

Sept. 7, 1955.

On Reargument Oct. 4, 1955.

O'Dwyer & Bernstein, New York City, for plaintiffs, Paul O'Dwyer, New York City, of counsel.

Lloyd F. MacMahon, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant, George M. Vetter, Jr., Asst. U. S. Atty., New York City, of counsel.

HERLANDS, District Judge.

This is an action to recover damages for the death of Eileen Fahey. It is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), by the administrators of the deceased. They claim that decedent's death at the hands of one Bayard P. Peakes, a mentally deranged war veteran, was the proximate result of the Government's negligence in failing to take reasonable precautionary measures to protect the public from allegedly foreseeable harm in permitting Peakes to remain at large. The complaint was upheld by the Court of Appeals for the Second Circuit on February 11, 1955. 219 F.2d 445.

The motion at bar is for an order pursuant to Rule 34, F.R.C.P., requiring defendant to produce and permitting plaintiff to inspect and copy certain documents alleged to constitute evidence relevant to one of the elements of the alleged tort. The documentary material sought consists of Peakes' personal and medical records now in the custody of the Veterans' Administration.

Defendant contends that such records are protected against disclosure by both federal and state law; that federal law makes Veterans' Administration files privileged and confidential; and that state law creates a patient-physician privilege which operates as a rule of evidence in federal courts.

First, as to defendant's claim of privilege under federal law:

Rule 34 of the F.R.C.P. permits the court, upon good cause shown and notice, to order a party to produce documents within its control. Rule 26(b), with which Rule 34 must be read, specifies that the examination may not encompass privileged matter. The fundamental inquiry, then, both under federal and state law, concerns the issue of privilege raised by defendant.

Title 38 U.S.C.A. § 456, provides that the records of the Veterans' Administration shall be deemed "confidential and privileged" *except* "(b) Where required by the process of a United States court to be produced in any suit or proceeding therein pending; * * *."

A similar exception to this confidential and privileged nature of Veterans' Administration files is contained in Ex.Ord. No. 6099, March 31, 1933, Veterans' Regulation No. 11, pt. 1(b), 38 U.S.C.A. following section 745 (issued under 38 U.S.C.A. § 720) which provides for disclosure "(b) When required by process of a United States Court to be produced in any suit or proceeding therein pending * * *." Another illustration of permissible disclosure is the provision in Title 38, Code of Federal Regulations, § 1.511, which provides for such disclosure "(b) Where the process of a United States court requires the production of documents or records (or copies thereof) contained in the Veterans' Administration file of a claimant, * * *."

The power of the court to order production under F.R.C.P. Rule 34, 28 U.S.C. is thus explicitly recognized by the statute and regulations cited above. However, the statute and regulations are not *per se* dispositive of the issue of privilege because the ultimate question—whether the records should be ordered produced—requires the court's decision. That decision must be made within the ambit of discretion accorded the court by F.R.C.P. Rule 34. This includes the requirement that "good cause" be shown.

Moreover, Title 38 U.S.C. § 456, has been construed contrary to defendant's position. After a detailed analysis of the legislative history of § 456, Circuit Judge Kalodner, in McGlothan v. Pennsylvania R. Co.[1] said, for a unanimous

---

1. 3 Cir., 1948, 170 F.2d 121, at page 130. This court concurs fully with Circuit Judge Kalodner's statement that "we do not here hold that the VA files pertaining to veterans may be summarily brought out into the open in any private litiga-

court, that the question of the privileged character of Veterans' Administration files was academic "for by express provision of the applicable statute the VA files are shorn of their 'confidential and privileged' overdress when those records are 'required by process of a United States court to be produced in *any suit or proceeding therein pending*'. (Emphasis supplied.) Insofar as there exists a governmental policy of secrecy, therefore, it has been waived to that extent."[2]

Second, as to the defendant's claim of privilege under state law:

There is no doubt that the New York law of evidence relating to the patient-physician privilege, N.Y.Civil Practice Act, §§ 352, 354, is applicable herein, pursuant to Rule 43 of the F.R.C.P.[3]

Assuming *arguendo* that under state law, N.Y.Civil Practice Act, §§ 352, 354, the records sought would be privileged, and assuming (contrary to the fact) that no federal statute or rule affirmatively provides for the reception of such records, and noting that the privilege is a bar to the admissibility of evidence under F.R.C.P. rules 26(b) and 43—would New York law necessarily hold that the patient-physician privilege bars the production of the records sought in the instant motion? We think not.

The following facts demonstrate conclusively that the privilege here invoked by defendant in favor of Peakes has been waived under N.Y.Civil Practice Act, § 354:

■ (1) The defendant itself has waived the very privilege it now asserts by interrogating a physician, Dr. Carl J. Hedin, attached to the staff of the Veterans' Administration, who had previously examined Peakes at the request of the Veterans' Administration. This interrogation was pursuant to defendant's notice dated February 5, 1954. Dr. Hedin was examined on March 1, 1954; and the transcript of his examination runs to eighteen pages. This deposition has been filed with this court. It revealed much as to Peakes' mental condition. It was made available not only to the Veterans' Administration, but also to both parties to this litigation. Upon the oral argument of this motion, defendant stated that it had made a "mistake" in taking Dr. Hedin's deposition.

(2) The dossier held by the Veterans' Administration has been released *in toto* to the Court of General Sessions of the County of New York, to substantiate a plea of insanity by Peakes after he was indicted for the murder of decedent. The full scope of that dossier may be deduced from the publicized remarks of General Sessions Judge Saul S. Streit. Thus, Peakes himself waived his personal privilege in precise compliance with the explicit waiver provisions of N.Y.Civil Practice Act, § 354. Defendant concedes that "the present state of the law" makes it "abundantly clear" that the privilege pertains "unless there is a waiver under section 354, C.P.A."[4]

Since, in point of fact, the asserted privilege has been waived both by defendant and by Peakes himself, there is no need to discuss the collateral question whether defendant now has the right to assert a privilege personal to Peakes.

■ In view of the unusual facts of this case, this court is constrained to

---

tion. The answer, we think, depends upon the particular facts of the case, and upon the ruling of the VA as well."

2. Ibid.

3. Wright v. Wilson, 3 Cir., 1946, 154 F. 2d 616, 170 A.L.R. 1237, certiorari denied, 1946, 329 U.S. 743, 67 S.Ct. 50, 91 L.Ed. 640, establishes that evidence is admissible in federal courts on three possible bases; and that, if any of the three possible bases is satisfied, the evidence is admissible. However, if state law excludes the evidence and no federal statute or rule admits it, the evidence must be rejected. In the instant case, the pertinent federal statute and regulations admit the evidence sought; and state law renders the evidence admissible because its privileged character has been waived.

4. Defendant's memorandum of law, p. 27.

conclude that the records sought have lost whatever confidential status was originally given to them by both federal and state law.

Motion granted. Settle order on notice.

### Upon Reargument

Upon reargument, defendant has introduced the affidavits of two of Peakes' attorneys to the effect that Peakes' V.A. file was not introduced in evidence before General Sessions Judge Streit to substantiate a plea of insanity. These affidavits, which were not before this Court when the motion was originally decided, seek to demonstrate that Peakes did not waive his privilege pursuant to New York Civil Practice Act § 354. The third ground of the Court's original decision was based upon a waiver by Peakes.

However, the first and second grounds of the original decision are still determinative. Therefore, the Court adheres to the decision to release the V.A. file to plaintiff.

 Moreover, the issue of the waiver by Peakes under the New York Civil Practice Act does not affect the paramount status of federal law in this litigation. The proceeding herein has been instituted under the Federal Tort Claims Act; the cause is cognizable by a federal court; the provisions of a specific federal statute relative to Veterans' Administration files is involved; and Rule 43, F.R.C.P., as construed by Wright v. Wilson, establishes that the provisions of a specific federal statute or rule rendering evidence admissible prevails over a state statute that would exclude the evidence.

The Court reiterates its appreciation of defendant's contention that there is a serious question of policy involved in the release of the V.A. files. However, the Court emphasizes that this decision is limited strictly to the unusual facts of the case at bar. This decision does not sanction the release of Veterans' Administration files in general, nor does it sanc-

tion a relaxation of the safeguards designed to protect the confidential character of such files.