**William CURRIE**

**v.**

**MOORE–McCORMACK LINES, INC.**

**Civ. A. No. 58–884.**

United States District Court
D. Massachusetts.

April 22, 1959.

10. O'Tell v. New York, New Haven & Hartford R. Co., 2 Cir., 236 F.2d 472.

11. F.S.A. § 54.28 (see note 2 supra).

George P. Donovan, Boston, Mass., Leo V. Concannon, Boston, Mass., for plaintiff.

Bingham, Dana & Gould, Robert J. Hallisey, Boston, Mass., for defendant.

ALDRICH, District Judge.

■ This motion for production, the second in the case, raises a matter of general import. The question of what constitutes cause within Rule 34, F.R. Civ.P. 28 U.S.C.A., is often difficult, but it seems to me that there are certain somewhat standard situations which may carry their own showing of cause, if cause is to be construed as requiring, in addition to relevance, more-or-less uniqueness of source, and need outweighing any countervailing policy reasons for delaying discovery. Cf. Margeson v. Boston & Maine R. R., D.C.D.Mass., 16 F.R.D. 200. For example, a plaintiff who is suing his employer should normally be entitled to see his payroll or work records, and the ordinary work records of the defendant, such as the rough log and log of the ship. A defendant should normally be entitled to see the plaintiff's federal income tax returns, Tollefsen v. Phillips, D.C.D.Mass., 16 F.R.D. 348, and his medical records, including the reports of doctors whom he has consulted for treatment. In the case at bar I have previously ordered the latter. The defendant has now heard that the plaintiff has been examined since the date of the earlier motion and that his condition has allegedly deteriorated. It renews its motion. The plaintiff replies that any later consultations have been only in preparation for trial. In this situation it seems to me the answer is routine. I order as follows, prospectively as well as past: (1) If there are any medical consultations or examinations for treatment, the defendant is entitled to a copy of the reports. (2) If there are any medical examinations solely for the purpose of preparation for trial, the defendant is entitled to a statement of any history given the doctor. Beyond that, the defendant is free to make its own examination of the plaintiff, and has no cause to be furnished with the findings or conclusions of plaintiff's experts. Cf. Roberson v. Graham Corp., D.C.D.Mass., 14 F.R.D. 83. The expense of furnishing copies is to be borne by the defendant.