Irvin J. BERKHEIMER

v.

PENNSYLVANIA RAILROAD COMPANY.

Civ. A. No. 24849.

United States District Court
E. D. Pennsylvania.

Feb. 11, 1960.

**38**

Seymour I. Toll, Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Gordon W. Gerber, Philip Price, Philadelphia, Pa., for defendant.

EGAN, District Judge.

The parties have filed cross motions for the production of medical reports. What counsel usually exchange freely has become a vexing problem in this case. The case itself arises under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

· The defendant has moved, under Federal Rule of Civil Procedure 34, 28 U.S.C.A., and under this Court's standing order of October 23, 1958, for production by plaintiff of all reports of medical examinations or treatments of the plaintiff since the date of the alleged injury on which this suit is based, except reports of those examinations rendered at defendant's request. Plaintiff has moved for production by defendant of all reports of medical examinations or treatments of plaintiff since the date of the injury, plus various pre-accident medical reports which defendant has identified (in its answers to interrogatories) as the basis for its claim that plaintiff's post-accident physical difficulties are not the result of the accident.

The sole item of controversy at this point in the case is whether the plaintiff is entitled to examine the pre-accident medical reports in the defendant's possession. The defendant's resistance to such discovery is two-fold. First, says the defendant, the exchange of medical reports should be limited to those examinations and treatments occurring after the accident and should not extend to pre-accident reports. Secondly, each party should be required to produce only those reports made at the request of that party. The proper procedure, according to the defendant, is "that the plaintiff give the defendant the reports the plaintiff got from the plaintiff's doctors * * * and that the defendant give the plaintiff copies of the reports the defendant got from its doctors * * *." In other words, a party should not be required to produce reports in its possession that were initiated by the other party.

In this case the defendant railroad states in its answer to plaintiff's fifth interrogatory a belief that most of plaintiff's difficulties are not a consequence of the accident in suit, but result from pre-existing physical ailments. The answer goes on to list ten pre-accident medical reports in the possession of defendant relating to such pre-existing ailments. Five of these reports are by physicians in the railroad's own medical department; the others are by four named physicians, some of whom were undoubtedly plaintiff's physicians, although this is not clearly stated. In any event, defendant objects to permitting the ex-

amination by the plaintiff of these ten reports since they pre-date the accident. With regard to those reports made by plaintiff's own physicians, defendant has the further objection that it should not be required to produce any reports other than those of its own.

Counsel for both sides have discussed at length various decisions of this Court in cases involving similar disputes. We do not feel it necessary to discuss these cases (all of which can be distinguished from this one) and deem it sufficient to state that where, as here, the defendant has in its possession pre-accident medical reports, from whatever source, which the defendant states are relevant to its claim that plaintiff's alleged injuries are not the result of the alleged accident, such reports are the proper subject of discovery in preparation for a pre-trial conference.

The logical reason for limiting discovery to post-accident medical reports is that pre-accident reports normally are not relevant to the issues in dispute or, if relevant, are not sufficiently material. In this case, however, the defendant, by its position, has clothed these pre-accident reports with relevance and materiality.

The argument that defendant should not have to produce reports of plaintiff's own physicians is not meritorious where the reports are in defendant's possession and there is no indication that the information in these reports is readily available to the plaintiff. Plaintiff states, without contradiction, that his physicians' reports were sent directly to defendant and that copies were not sent to him.

The parties will be ordered to exchange post-accident medical reports. In addition, defendant will be ordered to permit plaintiff to examine and copy the medical reports listed in defendant's answer to plaintiff's interrogatory 5(c). Counsel will submit an appropriate order.