MEL'S CASH REGISTERS, a partnership composed of Melvin Sack and Robert Goldfine

v.

NATIONAL CASH REGISTER COMPANY, a Maryland body corporate.

Civ. No. 8312.

United States District Court
D. Maryland.
March 1, 1961.

J. Cookman Boyd, Jr., and Henry M. Decker, Jr., Baltimore, Md., for plaintiff.

William L. Marbury and John Martin Jones, Jr., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

In this action under 15 U.S.C.A. § 15, plaintiff has moved for an order requiring defendant (National) to produce and to permit plaintiff and plaintiff's attorneys to inspect and copy the deposition of Robert B. Wharton, taken by counsel for National in a similar action filed by Wharton and others against National in the United States District Court for the District of New Jersey. The testimony in question was taken on four days in December 1958 and January 1959, and was transcribed, but the deposition was not concluded and was neither signed by the witness nor filed in the District Court. National concedes that it has a copy of the transcript.

The New Jersey case was settled primarily on the basis of an agreement by National to supply price lists, order forms, etc., and to sell parts and certain used cash registers to the other parties to the settlement agreement. For the purpose of inspecting such cash registers so offered by National, the settlement agreement required National to furnish at a reasonable charge desk space and storage space to a representative of the Independent Cash Register Dealers Association. Wharton was and is the representative selected by the Association.

National contends that good cause has not been established for the production of the transcript, since plaintiff has not shown that Wharton is unavailable or can be reached only with difficulty. Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451; Alltmont v. United States, 3 Cir., 177 F.2d 971; Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370, 372; Buining v. The S. S. Transporter, D.Md., 171 F.Supp. 465, and cases cited therein. Plaintiff has shown that it has been in touch with counsel for Wharton and other plaintiffs in the New Jersey suit, and that it has been unable to obtain a copy of the transcript from that source.

If the transcript were an ordinary statement of a witness given voluntarily to National or its counsel, the authorities cited above would justify denying plaintiff's motion. But the transcript is no ordinary statement; the deposition was taken under the Federal Rules of Civil Procedure in the course of a civil action in a federal court; if it had been filed in court, it would have been available to the public.

No authority directly in point has been cited or found. Under the facts set out above I conclude that the transcript should be made available promptly by defendant's counsel to plaintiff's counsel for inspection and copying. Although the transcript would not be admissible in evidence in this case (except possibly in connection with the testimony of Wharton, if he is called as a witness), it does appear reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b), F.R.Civ.P. 28 U.S.C.A. Plaintiff may, of course, use the information contained in the transcript for the purpose of subpoenaing documents, interviewing witnesses, or taking depositions. Other questions with respect to the use of the transcript can be decided as they arise.

Settle order in five days.