Zegmunt F. **LESZYNSKI**

v.

Ernst **RUSS**, Defendant and Third-Party Plaintiff,

v.

**BALTIMORE STEVEDORING COMPANY**, Inc., Third-Party Defendant.

**No. 12225 Civil.**

United States District Court
D. Maryland.

Nov. 9, 1961.

See also 192 F.Supp. 422.

John J. O'Connor, Jr., O'Connor & Preston, Baltimore, Md., for plaintiff.

Jervis Spencer Finney, Ober, Williams, Grimes & Stinson, Baltimore, Md., for defendant and third-party plaintiff.

David M. Buffington, Baltimore, Md., for third-party defendant.

THOMSEN, Chief Judge.

Defendant has moved for an order under Rule 34, F.R.Civ.P., 28 U.S.C.A., requiring plaintiff to produce and to permit defendant to inspect and copy certain medical reports and hospital records relating to the examination, care and treatment of plaintiff (A) before the accident involved in this case, and (B) after the accident. Plaintiff objects on the grounds: (1) that Rule 35(b), not Rule 34 controls; (2) that the records are privileged; and (3) that good cause has not been shown.

This action was instituted in the Court of Common Pleas of Baltimore City and removed to this district court by defendant on the ground of diversity of citizenship. 28 U.S.C.A. §§ 1332, 1441.

The declaration filed in the state court alleges negligence and unseaworthiness, as a result of which on May 11, 1959, plaintiff was caused to fall into an unguarded opening in a hold of defendant's vessel, MV Johannes Russ. Plaintiff claims serious permanent injuries to his

head, neck, back, body, arms, legs, muscles, tendons, ligaments, aponeuroses, membranes, articular cartilages, joint capsules, joint spaces, fasciae, nerves, sheaths, and cardiovascular system, manifested in persistent post-traumatic headaches, tenderness in the left suboccipital region, dizzy spells, blurred vision, impaired hearing in the left ear, and impaired functioning of the left foot. On deposition, plaintiff testified that he had received two injuries to his head prior to the incident mentioned in the complaint: an apparent concussion sustained during the war, for which he was treated on various occasions by Veterans' Administration hospitals, and an automobile accident in 1958, for which he was treated in Prince George's County Hospital. Plaintiff's counsel had theretofore given defendant's counsel a report of Dr. Eli M. Lippman relating to the claim of injury to the left foot, but plaintiff also testified on deposition that he had gone to the Johns Hopkins Hospital in 1960 for an examination of his head and an evaluation of the alleged post-traumatic headaches, impaired hearing, blurred vision, dizzy spells, etc.

In April 1961 plaintiff was examined on his own behalf by Dr. Philip F. Lerner, a neuropsychiatrist, and defendant's counsel was given a copy of the report. The history given Dr. Lerner included periods of falling, and the report indicated that plaintiff also had been sent by his counsel in 1959 to Dr. Neal I. Aronson, a neurosurgeon, for evaluation of the same complaints, and that copies of Dr. Aronson's report and the VA hospital records had been forwarded to and considered by Dr. Lerner.

■ 1. The purpose of Rule 35 is to enable a party for good cause shown to obtain a mental or physical examination of another party. Paragraphs (b) (1) and (2) of Rule 35 deal with the right to the party examined to a copy of the report of the examining physician and the effect of his exercise of that right.

■ Rule 35 does not prevent a plaintiff or a defendant from obtaining an order under Rule 34 requiring the opposite party to produce and to permit the inspection and copying of medical reports and hospital records, unless such reports and records are privileged. See also Rule 26(b). Benning v. Phelps, 2 Cir., 249 F.2d 47; Cox v. Pennsylvania R. R. Co., S.D.N.Y., 9 F.R.D. 517; Currie v. Moore-McCormack Lines, D.Mass., 23 F.R.D. 660; Cassidy v. Pennsylvania R. R. Co., E.D.Pa., 24 F.R.D. 506; Berkheimer v. Pennsylvania R. R. Co., E.D.Pa., 25 F.R.D. 37. Cf. Bohlin v. Brass Rail, S.D.N.Y., 20 F.R.D. 224; Shepherd v. Castle, W.D.Mo., 20 F.R.D. 184, 189; Galloway v. National Dairy Products Co., E.D.Pa., 24 F.R.D. 362; Holbert v. Chase, E.D.S.C., 12 F.R.D. 171.

■ In situations where such reports and records are privileged, Rule 35(b) is usually the only way in which they may be obtained. Sher v. De Haven, D. C.Cir., 91 U.S.App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, cert. den. 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363.

■ 2. Rule 35 does not imply that there is a medical privilege in all cases. It recognizes that there is a medical privilege in certain jurisdictions, such as the District of Columbia, where the privilege exists by statute. There is no similar statute applicable to the admiralty and maritime jurisdiction or to federal courts generally. There is no physician-patient privilege in the State of Maryland. O'Brien v. State, 126 Md. 270, 284, 94 A. 1034.

■ The courts are not agreed whether federal law or state law controls the issue of privilege in various types of cases. Cf. 2 Barron & Holtzoff § 651, p. 320; 4 Moore's Federal Practice, 2d ed., §§ 26.23(9), 34.15; Palmer v. Fisher, 7 Cir., 228 F.2d 603, cert. den. 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485; Scourtes v. Fred W. Albrecht Grocery Co., E.D.Ohio, 15 F.R.D. 55. Professor Moore has concluded that the federal

courts, "while respecting state statutes on privilege, should be free to give their own interpretation to the concept of privilege", thus avoiding "the anomaly of different rules in federal and non-federal (diversity) cases". Op. cit. p. 1152. See also Brookshire v. Pennsylvania R. R. Co., N.D.Ohio, 14 F.R.D. 154. It makes no difference in the case at bar whether the state law or the federal law controls, because there is no absolute privilege under either law; both state courts and the federal courts are free to apply their respective procedural rules. Fahey v. United States, S.D.N.Y., 18 F.R.D. 231.

■ 3. The controlling question in this case is whether good cause has been shown. The general rule is that a party is entitled to discover facts, but not opinions of experts engaged and paid by his opponent. In personal injury cases, however, it is difficult to separate the facts from the opinions in medical reports, and the courts must either adopt a more or less arbitrary rule or let the decision depend upon the facts and circumstances of the particular case. The Maryland state courts have adopted a general rule, No. 410 c 2,[1] but the federal rules leave the matter largely to the discretion of the trial judge. Moore, op. cit., sec. 26.24.

■■ It has been the policy of this court to encourage the exchange of medical information, at pretrial or before, but to permit discovery under Rule 34 (or Admiralty Rule 32), for good cause shown. Buining v. The S. S. Transporter, D.Md., 171 F.Supp. 127, 136, and 465, 466; Stone v. Marine Transport Lines, D.Md., 23 F.R.D. 222, 228. Good cause has been shown in this case.

(A) Medical attention before an accident is often irrelevant, but in this case the facts disclosed by plaintiff's deposition and by Dr. Lerner's report show that the records of the VA hospitals and of the Prince George's County Hospital relating to the treatment of plaintiff before the accident are likely to be relevant and material themselves or to lead to the discovery of admissible evidence. Rule 26(b); Mel's Cash Registers v. National Cash Register Co., D. Md., 27 F.R.D. 285. Plaintiff will therefore be required to execute the necessary papers to make those records available to defendant, and the court will issue any order or subpoena which may be necessary under 38 U.S.C.A. § 3301. See Fahey v. United States, S.D.N.Y., 18 F.R.D. 231; Berkheimer v. Pennsylvania R. R. Co., E.D.Pa., 25 F.R.D. 37; Schwartz v. Travelers Insurance Co., S.D. N.Y., 17 F.R.D. 330.

■ (B) With respect to the records and reports after the accident, this court has followed and now adopts as a general policy the rule stated by Judge Aldrich in Currie v. Moore-McCormack Lines, D.Mass., 23 F.R.D. 660, 661, as follows:

"(1) If there are any medical consultations or examinations for treatment, the defendant is entitled to a copy of the reports. (2) If there are any medical examinations solely for the purpose of preparation for trial, the defendant is entitled to a statement of any history given the doctor. Beyond that, the defendant is free to make its own examination of the plaintiff, and has no cause to be furnished with the findings or conclusions of plaintiff's experts. Cf.

1. The Maryland Rule provides:
"c. *Writings Obtainable.*
"Except as otherwise provided in Rule 406 (Order to Protect Party and Deponent), a party may by written interrogatory or by deposition require that an opposing party produce or submit for inspection:
      *      *      *      *      *
"2. Report of Expert.

"A written report of an expert, whom the opposing party proposes to call as a witness, whether or not such report was obtained by the opposing party in anticipation of trial or in preparation for litigation. If such expert has not made a written report to the opposing party, such expert may be examined upon written questions or by oral deposition as to his findings and opinions."

Roberson v. Graham Corp., D.C.D. Mass., 14 F.R.D. 83. The expense of furnishing copies is to be borne by the defendant."

See also Cassidy v. Pennsylvania R. R. Co., E.D.Pa., 24 F.R.D. 506.

So, the records of the Johns Hopkins Hospital are discoverable, and plaintiff will be required to execute the necessary authority to make them available to defendant. The report of Dr. Aronson presents a more difficult problem. Under the circumstances set out above, particularly the broad claims of injury, it seems fair to require plaintiff to make available to defendant the history given and the details of the examination of plaintiff by Dr. Aronson, but not his diagnosis, impression or prognosis. If necessary, the court will review the report and indicate those portions which must be disclosed.

Settle order in ten days if a formal order on the motion is desired; otherwise be guided by this opinion.