Mrs. Marjorie Green SMITH and Richard L. Smith, Plaintiffs,

v.

**MARYLAND CASUALTY COMPANY and Insurance Company of North America, Defendants.**

Civ. A. No. 15443.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 18, 1967.

588

John H. Brooks, Frederick J. Gisevius, Jr., New Orleans, La., for plaintiff.

Francis G. Weller, New Orleans, La., for Maryland Casualty Co.

Allen R. Fontenot, New Orleans, La., for Insurance Co. of North America.

RUBIN, District Judge:

Defendants seek an order requiring the plaintiff to execute an authorization to permit the "defendant to inspect and copy the hospital records of plaintiff, Mrs. Marjorie Green Smith."

The plaintiff brought this diversity action for injuries allegedly sustained as a result of an operation at Touro Infirmary. She contends that she went to the infirmary for a hysterectomy. After the operation, she discovered a pain in her left foot and was unable to walk. Her injury was diagnosed as a fracture of her left foot and her foot was placed in a cast. Following the hospitalization, she allegedly required psychiatric treatment at Southern Baptist Hospital. This action is brought under the Louisiana Direct Action Statute against the insurers of the hospital and the physician who performed the operation.

■ Rule 34 of the Federal Rules of Civil Procedure provides in part:

"Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying * * * any designated documents, * * * which are in his possession, custody, or control * * *."

The only inquiry in this case is whether "good cause" has been shown. The defendants contend that "since the material fact at issue in this case is the extent of the injuries, and consequences thereof, sustained by Mrs. Smith, and, in view of the various substantial amounts she and her husband are demanding in damages, there is good cause." We agree.

■ What is "good cause" depends upon the facts and circumstances of the individual case and upon considerations of practical convenience.[1] Inspection of the records of the hospital and the physician who performed the operation is essential to an adequate preparation of the defense. Discovery here will "make [this] trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."[2] There is no injustice to the plaintiff in permitting the defendant to copy and inspect the hospital records.

In personal injury cases where the injured person has required hospitalization or observation, this court has followed the general rule stated by Judge Aldrich in Currie v. Moore-McCormack

1. O'Keefe v. Boeing Co., S.D.N.Y., 1965, 38 F.R.D. 329; McDonald v. Prowdly, W.D.Mich., 1965, 38 F.R.D. 1; United States v. National Steel Corp., S.D.Texas, 1960, 26 F.R.D. 603.

2. United States v. Proctor & Gamble Co., 1958, 356 U.S. 677, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077.

Lines, D.Mass., 1959, 23 F.R.D. 660, 661, as follows:

"(1) If there are any medical consultations or examinations for treatment, the defendant is entitled to a copy of the reports. (2) If there are any medical examinations solely for the purpose of preparation for trial, the defendant is entitled to a statement of any history given the doctor."

At the hearing on this motion, the Court expressed some reservation whether it could order the plaintiff to execute the necessary authorization. After giving the matter careful consideration, the Court is convinced that it can require the plaintiff to execute the authorization. Rule 34 permits the Court to require a party to produce any document under his control. Obviously the plaintiff is in control of these records, because, by either granting or withholding her consent, she may determine who shall have access to them.[3] Therefore, she is ordered to produce them or to execute an authorization for the defendant to examine them.[4]

Accordingly, the plaintiff is hereby directed to authorize the defendant to examine the records of (1) Middlesex County Memorial Hospital, Middlesex, Connecticut; (2) Touro Infirmary, New Orleans, Louisiana; (3) Southern Baptist Hospital, New Orleans, Louisiana; and (4) Southeast Louisiana Hospital, Mandeville, Louisiana. Leave is given to the defendant to request the right to examine the records of other hospitals should the records at the hospitals mentioned above disclose other hospitalizations.

Defendant shall afford plaintiff's counsel access to copies of any records obtained by defendant, together with the right to reproduce them at plaintiff's expense.

---

**3.** Schwartz v. Travelers Ins. Co., S.D. N.Y., 1954, 17 F.R.D. 330.

**4.** Leszynski v. Russ, D.Maryland, 1961, 29 F.R.D. 10; Schwartz v. Travelers Ins. Co., supra Note 3.