182 N.J. Super. 483 (1981)
442 A.2d 650
ALLEN M. FREEMAN AND OLGA FREEMAN, HUSBAND AND WIFE, PLAINTIFFS,
v.
LINCOLN BEACH MOTEL AND HAROLD ZELTNER, TRUSTEE, "X" OWNER, BUILDER OR CONTRACTOR, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided November 20, 1981.
*484 Thomas J. Vesper for plaintiffs (Valore, McAllister, Westmoreland & Vesper, attorneys).
Joseph D. O'Neill for defendants Harold Zeltner (Capizola, O'Neill & Fineman, attorneys).
EDWARD S. MILLER, J.S.C.
This is a motion to compel plaintiff to sign authorizations to examine medical records. The facts before this court are as follows:
Plaintiff fell down a set of allegedly defective steps while a guest at the defendant Lincoln Beach Motel. He suffered injuries to his lower back and was treated at a Virginia hospital. Defendant moves to compel plaintiff to sign authorizations so that all medical records relating to that injury can be discovered.
Plaintiff argues that there is no authority in New Jersey case law, statutes or court rules to require a party to sign authorizations supplied by his adversary and that, somehow, the attorney-client relationship was breached. It is further asserted that the request of defendant does not comport with the methods of discovery outlined in R. 4:10-1.
It is the policy of our courts "that essential justice is better achieved when there has been full disclosure so that all the parties are conversant with all the available facts." Jenkins v. Rainner, 69 N.J. 50, 56 (1976).[1]R. 4:10-1 and R. 4:10-2 set *485 out clearly a broad range of discovery and discovery methods. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter...." R. 4:10-2(a). In addition, N.J.S.A. 2A:82-41 provides in part:
Any person against whom a claim is asserted for compensation or damages for personal injuries ... shall be permitted to examine the records of a hospital in reference to such injured or deceased person.
This section also applies to insurance carriers and attorneys of defendants. N.J.S.A. 2A:82-43. The intent of the statute is clear. Any person, including his attorney, shall be permitted to examine the records of a party suing him for personal injuries. There is no mention of a necessity to request such documents through the plaintiff's attorney. A party should not have to rely upon only what his opponent has supplied him, but should be able to ascertain that he has examined the entire record. Freedom of discovery should prevail wherever possible.
N.J.S.A. 2A:82-41 has never been judicially construed and there is no applicable New Jersey authority. Since our court rules are based on the Federal Rules of Civil Procedure, it is appropriate to turn to federal case law for guidance.
Smith v. Maryland Cas. Co., 42 F.R.D. 587 (E.D.La. 1967), was a suit for personal injuries. Defendant contended that the plaintiff's hospital records were necessary to its case since the crucial fact at issue was the extent of the injuries, and it moved to require plaintiff to execute authorizations to permit inspection of those records. The court found good cause for discovery since inspection of such records was necessary for adequate preparation by counsel and since only records related to the treatment of plaintiff were requested.
There is no injustice to the plaintiff in permitting the defendant to copy and inspect the hospital records... Rule 34 permits the court to require a party to produce any document under his control. Obviously the plaintiff is in control of *486 these records, because, by either granting or withholding her consent, she may determine who shall have access to them. Therefore, she is ordered to produce them or to execute an authorization for the defendant to examine them. [at 588-589] [Emphasis added]
See Leszynski v. Russ, 29 F.R.D. 10, 14 (D.Md. 1961); Fleming v. Gardner, 84 F.R.D. 217, 218 (E.D.Tenn. 1978).
Where a party controls records which contain factual material by the granting or withholding of consent, the court may require that party to execute authorizations supplied by opposing counsel. Such authorizations shall not be in blank, but shall state specifically the particular hospital or doctor from whom the records are sought as well as the relevant dates to which discovery shall be confined.
Litigation is not a poker game but a quest for justice. One who seeks damages for personal injuries lays himself open to a searching scrutiny of all his affairs, including a testing of his claim of injury. The party sought to be charged is entitled to an examination of the original records, not an edited version. Only thus can the facts be tested for the truth.
NOTES
[1] Modern instruments of discovery serve a useful purpose, as was noted in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. They, together with pretrial procedures, make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. U.S. v. Proctor Gamble Co., 356 U.S. 677, 682-83, 78 S.Ct. 983, 986-987, 2 L.Ed.2d 1077, 1082 (1958).