Houston, J.
This motion arises out of an action for negligence with respect to the installation of an automobile air cleaner. Defendant now moves to depose plaintiffs expert witness pursuant to Mass.R.Civ.P. 26(b)(4)(A)(ii). For the reasons set forth below, defendant’s motion is DENIED.
BACKGROUND
Plaintiff is acting individually, as well as the Executrix of the estate of the decedent. Plaintiff alleges that the decedent’s July 30, 1994, single vehicle accident, resulted from an accumulation of foreign debris within the carburetor, due to improper installation of the air cleaner.
The allegation of an improperly installed air cleaner stems from an accident reconstruction report plaintiff received from Northeast Collision Analysis, Inc. Plaintiff has given a copy of said report to defendant, as well as answers to interrogatories disclosing the expected testimony of the expert witness. Apparently, defendant is not satisfied and now requests the court to allow defendant to depose plaintiffs expert witness.
DISCUSSION
Generally, the court should not allow examination of experts engaged by adverse party. Roberson v. Graham Corp., 14 F.R.D. 83 (1952). However, “inadequacy of answers to interrogatories propounded pursuant to Rule 26(b) (4) (A) (i)... is a reason for the court to exercise its discretion under Rule 26(b) (4) (A) (ii) . . . and allow a deposition of the expert.” Williams v. McNamara, 118 F.R.D. 294, 297 (1988).
An additional reason to allow defendant to depose an expert is if defendant could not obtain the desired information by independent research and investigation. Roberson, 14 F.R.D. at 84 citing Boyton v. R.J. Reynolds, 36 F.Supp. 593 (1941).
In the instant case, not only does plaintiff supply defendant with the report made by the expert’s reconstruction service, but they have followed the requirements of Mass.R.Civ.P. 26(b)(4)(A)(i)[1] in answering defendant’s interrogatories. As stated in Mass.R.Civ.P. 26(b)(4)(i), plaintiffs answers to defendant’s interrogatories have identified the expert witness, stated the subject matter of the expected testimony, as well as the substance of the facts and opinions to which the expert is expected to testify and plaintiff has supplied a summary of the grounds for each opinion. Therefore, it cannot be concluded that plaintiffs answers were inadequate to allow defendant to depose plaintiffs expert witness.
Additionally, defendant could have used their own expert to reconstruct the accident and, therefore, defendant could have obtained the desired information by independent research and investigation.
Since plaintiff answered defendant’s interrogatories adequately and since defendant could have acquired the same information by their own research, defendant’s motion for discovery by oral deposition of an expert witness expected to testify is DENIED.
ORDER
For the foregoing reasons, defendant’s motion for discovery by oral deposition of an expert witness expected to testify is DENIED.

Mass.R.Civ. P. 26(b)(4XA)(i) provides: (b) “Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (4) discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (A)(i) a party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.”