**SCHWARZKOPF TECHNOLOGIES CORPORATION, Plaintiff,**

v.

**INGERSOLL CUTTING TOOL COMPANY, Defendant.**

**Civ. A. No. 91–464–JJF.**

United States District Court, D. Delaware.

June 18, 1992.

Robert H. Richards, III, of Richards Layton & Finger, Wilmington, Del., David H. Pfeffer and Michael A. Nicodema, of Morgan & Finnegan, New York City, for plaintiff.

F.L. Peter Stone, of Connolly Bove Lodge & Hutz, Wilmington, Del., John F. Flannery and James J. Hamill, of Fitch Even Tabin & Flannery, Chicago, Ill., for defendant.

## OPINION

FARNAN, District Judge.

Pending before the Court are two motions. First, Plaintiff Schwarzkopf Technologies Corporation (Schwarzkopf) filed a Motion to Strike Ingersoll Cutting Tool Company's (Ingersoll) Affirmative Defenses, or in the alternative, to Compel Deposition Testimony (Motion to Strike). Second, Ingersoll filed a Motion to Compel Production of a List of Withheld Documents. The Court held a hearing regarding these motions on May 28, 1992.

## BACKGROUND

Schwarzkopf brought this patent infringement action alleging that Ingersoll has infringed U.S. Patent No. 4,101,703 ('703 patent) and U.S. Patent No. 4,162,338 ('338 patent). The patents in suit relate to a coating designed to improve certain industrial tools. Schwarzkopf alleges that the coating used by Ingersoll on its cutting inserts infringes the '703 and '338 patent.

Ingersoll's Answer contains eleven affirmative defenses relating to patent unenforceability and invalidity. Ingersoll claims that the patents are unenforceable under the doctrines of laches and estoppel and unenforceable due to inequitable conduct by Schwarzkopf before the Patent office. Ingersoll also claims that the patents are invalid under Sections 101, 102, 103 and 112 of the Title 35 of the United States Code.

## DISCUSSION

### A. *Schwarzkopf's Motion to Strike Ingersoll's Affirmative Defenses*

In its Motion to Strike, Schwarzkopf argues that Ingersoll has refused to provide a Rule 30(b)(6) witness to testify to the facts supporting Ingersoll's affirmative defenses. Schwarzkopf also argues that Ingersoll failed to produce any documents regarding the factual basis underlying the affirmative defenses. Schwarzkopf argues that Federal Rule of Civil Procedure 37(d) provides for sanctions, including striking out pleadings, if a corporate party fails to provide a witness for a Rule 30(b)(6) deposition. Opening Brief, p. 6. In the alternative, Schwarzkopf requests that the Court compel Ingersoll to comply with Schwarzkopf's deposition notice.

In support of its motion, Schwarzkopf alleges that it requested Ingersoll to present a witness for a Rule 30(b)(6) deposition and Ingersoll refused to cooperate on the basis that no person, except the attorney, could testify to the factual support for the affirmative defenses. However, Ingersoll did agree to provide a witness to testify regarding the process in question. Initially, Schwarzkopf agreed to accept the testimony regarding the process, but stated that it still reserved its right to depose a Rule 30(b)(6) witness. Later, Schwarzkopf withdrew its request for the deposition of a Rule 30(b) witness. Schwarzkopf claims that it subsequently decided that it wanted to proceed with the Rule 30(b)(6) deposition. Schwarzkopf alleges that it offered Ingersoll more time to prepare for the deposition, but also suggested that if Ingersoll did not intend to comply with the request, it should bring a motion to quash. Ingersoll did provide a witness regarding the process by which the allegedly infringing

coating was made, but the witness did not answer questions regarding the facts underlying the affirmative defenses.

Ingersoll counters that it did produce a witness pursuant to Rule 30(b)(6). However, Ingersoll argues that the questions asked by Schwarzkopf are not appropriate for a fact witness, but rather require expert testimony.

Modern discovery rules purport to enable "the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Grinnell Corp. v. Hackett*, 70 F.R.D. 326 (D.R.I.1976) (quoting *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Rule 30(b)(6) provides that a party may notice and depose a person or corporation to "describe with reasonable particularity the matters on which examination is requested." Fed.R.Civ.P. 30(b)(6). If a party from whom discovery is sought does not comply with a Rule 30(b)(6) deposition notice, the party must seek a protective order for good cause under Federal Rule of Civil Procedure 26(c).

In this case, the Court finds that Ingersoll neither complied with the Rule 30(b)(6) notice nor sought a protective order pursuant to Rule 26(c). At the May 28, 1992 hearing, Ingersoll represented that the factual issues underlying its affirmative defenses generally require expert testimony. In addition, Ingersoll's counsel stated that the basis for the claims of invalidity and unenforceability largely centered on prior art. The Court concludes that Schwarzkopf is entitled at a minimum to identification of the prior art which Ingersoll will rely upon to support its defenses. Thus, the Court will require Ingersoll to identify all the prior art underlying its affirmative defenses and to specifically list the affirmative defense to which each item of prior art relates.

B. *Ingersoll's Motion to Compel Discovery*

■ Ingersoll filed a Motion to Compel Discovery requesting that the Court require Schwarzkopf to produce a list of withheld documents. On May 11, 1992, Schwarzkopf did provide Ingersoll with a list of withheld documents, but Ingersoll objects to Schwarzkopf listing some withheld items as "collections" on the grounds that "collections" does not adequately identify the included documents. In addition, Ingersoll argues that Schwarzkopf has not identified documents relating to foreign patent applications.

The dispute regarding the requested list of foreign patent applications arises from the following facts. In Interrogatory No. 17, Ingersoll requested information from Schwarzkopf about foreign patent applications corresponding to the U.S. patents-in-suit. Schwarzkopf allegedly responded that although it did not participate in the filing of any foreign patent applications corresponding to the patents-in-suit, it would provide a tabulation of its knowledge of the foreign applications. Ingersoll alleges that after receiving an initial document production from Schwarzkopf which did not include the promised tabulation, Ingersoll made another request for the information. Schwarzkopf responded that it was working on "gathering information" for the tabulation, and then indicated that it needed more time to complete such a list. Ingersoll alleges that later Schwarzkopf abruptly changed its position, claiming that no documents in its possession related to foreign patent applications.

Schwarzkopf alleges that further investigation for information regarding foreign patent applications indicated that Schwarzkopf no longer had the information from foreign patent applications that had been made in the late 1970s. Schwarzkopf then filed an amended response to Interrogatory No. 17, stating that it had no information available to prepare a response.

With respect to Ingersoll's allegation that the list of withheld documents is inadequate, Schwarzkopf contends that case law supports its position that an attorney's document selection process constitutes protected work product. Schwarzkopf argues that if it specifically identifies documents within a compilation, it will reveal the document selection process.

The Court of Appeals for the Third Circuit has held that selection and compilation

of documents by counsel in preparation for pretrial discovery falls within the protected category of opinion work product. *Sporck v. Peil*, 759 F.2d 312 (3d Cir.1985), *cert. den. Peil v. Sporck*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). In *Sporck*, the Third Circuit reasoned that the selection and compilation of documents by counsel inevitably reveals important aspects of an attorney's understanding of the case.[1] *Id.* at 316 (citing *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del.1982)). Further, the Third Circuit also determined that the protection of opinion work product is necessary for an attorney to properly prepare a client's case. *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 510–511, 67 S.Ct. 385, 393–394, 91 L.Ed. 451 (1947)).

In the instant case, Schwarzkopf has provided a list of withheld documents to Ingersoll. Ingersoll objects to Schwarzkopf's list of withheld documents because it lists "collections" without further identification of the included documents. The Court is persuaded that if it required Schwarzkopf to specify which documents were included in the collections, it would essentially require Schwarzkopf's counsel to reveal his understanding of the case. *Sporck*, 759 F.2d at 316. The Court concludes that the opinion work doctrine protects the attorney's selection process in this case, and thus, the Court concludes that Ingersoll's Motion to Compel Discovery must be denied.

## C. *The Civil Justice Reform Act*

■ Section 471 of the Civil Justice Reform Act (CJRA) requires that each United States district court implement a civil justice expense and delay reduction plan:

to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and en-

sure just, speedy, and inexpensive resolutions of civil disputes.

28 U.S.C. § 471.

The mandate of the CJRA is clear. Federal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner. District courts may employ various methods to achieve the goal of delay and expense reduction, depending on the character of the court's caseload, geography, volume and a myriad of other factors.[2] In this district, patent cases represent a statistically significant portion of the caseload and a significant challenge with regard to delay and expense reduction methods. The judges of the district have adopted a Plan under the CJRA, which incorporates measures to foster a reduction in the disposition time of all cases filed in the district.

Although the Plan relies principally upon the reduction in time delays as the catalyst for cost reduction, the Court is convinced that additional efforts are necessary to accomplish the CJRA's goal of expense reduction. In this regard, the Court is persuaded that courts must entrust the task of expense reduction to attorneys and their clients[3] with courts acting in a supportive role.

In particular, courts should facilitate dialogue between an attorney and client regarding the cost of litigation. A meaningful discussion on the subject of litigation expense should include, at a minimum, the attorney's estimation of costs and fees vis-a-vis the anticipated result, as well as consideration of the alternative means available to the client for dispute resolution. With these principles in mind, the Court will require counsel to certify to the Court that they have discussed with their clients the estimated costs of this litigation, the anticipated result and alternative means of

---

1. The Third Circuit reached this conclusion even though the individual documents included in the compilation were not protected under the work product doctrine.

2. *See* McManamon, *Is the Recent Frenzy of Civil Justice Reform a Cure–All or a Placebo?*, 11 Rev.Litig. 329 (1992).

3. *See* Singer, *His Way*, American Lawyer, May, 1992, p. 50. This article discusses one large firm's proposals to make litigation more efficient, including reducing the number of questions asked in depositions, limiting the number of attorneys working on a particular case, and instituting flat fees.

**424**

dispute resolution. The certification shall be signed by counsel and the client.

CONCLUSION

For the reasons stated, the Court will grant Schwarzkopf's Motion to Strike in that it will require Ingersoll to provide the prior art which Ingersoll will rely upon for its affirmative defenses. The Court will deny Ingersoll's Motion to Compel Discovery. In addition, the Court will require counsel to certify to the Court that they have discussed with their respective clients the anticipated costs and fees of this litigation, and alternatives to litigation. An appropriate Order will be entered.