**In re FIALURIDINE ("FIAU") PRODUCTS LIABILITY LITIGATION.**

Misc. No. 94–0365.
No. MDL 1034.

United States District Court,
District of Columbia.

Oct. 3, 1995.

Scott Caulkins, Cohen, Gettings, Dunham & Harrison, Arlington, VA, Plaintiffs' Lead Counsel, Eugene R. Fidell, Melissa M. Thomson, David P. Sheldon, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, Plaintiffs' Liaison Counsel, Kenneth E. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Matthew L. Meyers, Asbil, Junkin & Meyers, Chtd., Washington, DC, Andrew Citrin, Cunningham, Bounds, Yance, Croder & Brown, Mobile, AL, William Downey, III, Kananack, Murgatroyd, Baum & Hedlund, Los Angeles, CA, for Plaintiffs.

Nina Gussack, Pepper, Hamilton & Scheetz, Philadelphia, PA, Pamela Overton, O'Connor, Cavanaugh, Anderson, Westover, Killingsworth & Beshears, Phoenix, AZ, Nikki Calvano, Sarah Lenz Lock, Department of Justice, Civil Division, Torts Branch, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

I. Background.

This case comes before the court on defendant Eli Lilly and Company's ("Lilly's") motion for a protective order under Federal Rule of Civil Procedure 26(c). Previously,

plaintiffs requested, and the court ordered, under Federal Rule of Civil Procedure 34, the production of various documents pertaining to FIAU that were in the hands of Lilly's foreign affiliates. These documents, estimated by the parties to number close to one thousand, exist only in Italian, German, Japanese, and French.

Lilly filed this motion seeking a protective order that would require plaintiffs to reimburse Lilly for the costs of "formally" [1] translating these documents. Lilly claims that although plaintiffs do not specifically request translations of the documents, in order for it to first review the documents for privileged and proprietary information, it must translate them. In other words, Lilly claims that the practical effect of plaintiffs' request is to force Lilly to pay to translate the documents before producing them. Plaintiffs disagree and claim that they have not and will not request that Lilly translate the documents before producing them. Upon consideration of the submissions of counsel and the relevant law, the court will deny Lilly's motion.

## II. Analysis.

### A. Plaintiffs' do not request translation.

█ Lilly attempts to bring plaintiffs' request under the holding in *In re Puerto Rico Electric Power Authority,* 687 F.2d 501 (1st Cir.1982) [hereinafter *In re PREPA* ], the seminal case on the assessment of translation costs for Rule 34 productions, by alleging that plaintiffs' request for production is the functional equivalent of a request for translated documents. Under *In re PREPA,* a party cannot impose the cost of translating documents that exist in a foreign language on the producing party. 687 F.2d at 509. In that case, the Puerto Rico Electric Power Authority ("PREPA") had produced Spanish documents to the plaintiff, Mitsui & Co.

("Mitsui"). The plaintiff then specifically moved to compel PREPA to produce an English translation of the documents produced, or, in the alternative, to reimburse the plaintiff for the cost of such translation. As noted, the First Circuit held that a requesting party cannot impose translation costs on the producing party. *Accord In re Korean Air Lines Disaster of Sept. 1, 1983,* 103 F.R.D. 357 (D.D.C.1984).[2] It found that there is no general rule that requires a party to translate documents into the requesting party's native tongue, and it is the requesting party who bears the cost of translating the documents. *Id.* at 508–09.

In order to bring this motion under the First Circuit's holding in *In re PREPA,* Lilly contends (and indeed must show) that plaintiffs' request for the documents is the functional equivalent of a motion to compel Lilly to pay the cost of translation. If Lilly cannot establish this contention, its entire argument fails. To this end, Lilly first argues that in order for its counsel to adequately review the documents before producing them, the documents must be translated into English. Furthermore, absent plaintiffs' request, Lilly maintains that it would have no need to perform such translations. In this manner, Lilly argues, plaintiffs' request for the documents is a veiled attempt to shift the cost of translation onto Lilly, the producing party. Thus, if the court grants Lilly's motion, it does not shift the cost of translation onto the plaintiffs; rather, it prevents the plaintiffs from shifting the cost onto Lilly. Finally, Lilly points out that the documents are useless to the plaintiffs unless they are first translated into English.

Plaintiffs, on the other hand, simply argue that they have not requested translated documents, therefore *In re PREPA* does not control. They counter that the translation of the documents by Lilly is not necessitated by

---

1. Counsel for Lilly submitted samples of the documents to Berlitz Translation Services in Philadelphia for a cost estimate. According to counsel's representation, translation would cost over $200 per page.

2. Cases following *In re PREPA* have arrived at the same conclusion. *See, e.g., East Boston Ecumenical Community Council, Inc. v. Mastrorillo,* 124 F.R.D. 14 (D.Mass.1989) (holding that the

party seeking depositions bear the cost of interpreters for the deponents); *Cook v. Volkswagen of Am., Inc.,* 101 F.R.D. 92 (S.D.W.Va.1984) (denying plaintiffs' motion to compel defendants to produce English translations of its documents); *Rosado v. Mercedes–Benz of N. Am., Inc.,* 103 A.D.2d 395, 480 N.Y.S.2d 124 (1984) (relying on *In re PREPA* to deny plaintiff's motion to compel defendant to produce a translated brochure).

their request. Because plaintiffs seek the documents as they currently exist, i.e., in various languages, how Lilly decides to "sanitize" them is its own decision; Lilly cannot shift the cost of translation onto the plaintiffs by claiming that the only way to review the documents is to formally translate them. Finally, plaintiffs remind the court of the general rule that a party bears the burden of producing its own documents. *See In re PREPA*, 687 F.2d at 507.

This court finds that the plaintiffs' request for the production of the foreign documents is not the functional equivalent of a motion to compel Lilly to translate the documents. Plaintiffs do not now move to require Lilly to produce translated documents, nor can Lilly convincingly argue that the only way to sanitize the documents is to first formally translate them at an excessive cost. Granting Lilly's motion would allow any party producing foreign documents to shift a potentially enormous economic burden onto the requesting party when it is unclear that *any* party actually needs to incur that cost. To be sure, before plaintiffs could use any of the documents in this litigation, they must be formally translated. However, not all the documents may be used. Plaintiffs may have access to any number of people who, for far less cost, could go through the documents and determine which ones contain useful information.[3] Because plaintiffs do not request translated documents and Lilly cannot demonstrate that formal translation is a necessary preliminary step before it can produce the documents, *In re PREPA* and its progeny do not apply.

B. Lilly cannot show that plaintiffs' request is unduly burdensome.

 As a general rule, a party bears the burden of producing its own documents *unless* "the discovery requests threaten to im-

pose 'undue burden or expense' upon a respondent...." *In re PREPA*, 687 F.2d at 507. In that event, "the district courts are specifically empowered to enter protective orders conditioning the request or requiring the requesting party to pay the expenses of production." *Id.* (*citing Celanese Corp. v. E.I. dupont de Nemours & Co.*, 58 F.R.D. 606 (D.Del.1973); *Currie v. Moore–McCormack Lines, Inc.*, 23 F.R.D. 660 (D.Mass. 1959)); *see also* 8 Wright & Miller, *Federal Practice & Procedure* § 2038 at 505. In *In re PREPA*, the court pointed out that a production request that demanded translation would be unduly burdensome, especially if the request comes at a time when the significance of the documents is not known. *Id.* at 509 n. 3.[4]

As discussed above, Lilly has failed to show that it must formally translate the documents in order to protect privileges and proprietary information. This court has already ruled that plaintiffs are entitled to discovery of the documents. Because translation is not required, this court cannot construe plaintiffs' request to be unduly burdensome. Moreover, if Lilly could require plaintiffs to front the cost of translation before the true significance of the documents are known, it could impose an unfair economic burden on plaintiffs. Ironically, Lilly's argument that the documents have no significance cuts both ways. It is precisely because the significance of the documents is not known that it would be unfair to allow Lilly to elect to translate them all at the expense of the plaintiffs. As a result, the court rejects Lilly's claim that plaintiffs' request imposes an undue burden.

C. The court can award translation expenses at the conclusion of the litigation.

 In the event that Lilly formally translates the documents before producing them,

---

3. For that matter, Lilly need not formally translate the documents to sanitize them. It would seem that Lilly, the one who created the documents in the foreign language, would have better access to people who could review the documents for privileged and proprietary information.

4. It must be borne in mind that discovery of the sort involved here ranges far beyond basic and

highly probative documents into large quantities of documents of the most marginal significance. To empower the discovering party to force his opponent to pay for translation of such materials long before their true significance can be known is to empower one party to impose a possibly crushing economic burden on the other.

*In re PREPA*, 687 F.2d at 509 n. 3.

the court can, in its discretion, award those costs to Lilly at the conclusion of the litigation. The D.C. Circuit has held that translation expenses can eventually be awarded to the prevailing party. *See Quy v. Air America, Inc.,* 667 F.2d 1059, 1065–66 (D.C.Cir. 1981) (awarding translation expenses under 28 U.S.C. § 1920(6)). If Lilly succeeds at trial, they can petition the court to award the translation fees in addition to any other recovery.

### III. Conclusion.

Accordingly, defendant Eli Lilly & Company's motion for a protective order is hereby DENIED.

SO ORDERED.