**GENERAL SIGNAL CORPORATION, Plaintiff,**

v.

**APPLIED MATERIALS, INC., Defendant.**

**C.A. No. 94–461–JJF.**

United States District Court, D. Delaware.

June 7, 1996.

Robert W. Whetzel, Richards, Layton & Finger, Wilmington, Delaware; John E. Kidd, Craig Walker, Joseph Ferraro, Michael A. O'Shea, Jeffrey Sonnabend, and Nicholas Papastravros, Rogers & Wells, New York City, Attorneys for Plaintiff.

Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; Matthew D. Powers, Jared Bobrow, Laura A. Handley, and Paul M. Saraceni, Weil, Gotshal & Manges L.L.P., Menlo Park, CA, Attorneys for Defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

On May 9, 1996, the Court heard oral argument regarding pending discovery disputes between the Plaintiff General Signal Corporation and Defendant Applied Materials, Inc. Several of the disputes presented were the subject of prior argument before the Court on March 15, 1996.

Section 471 of the Civil Justice Reform Act ("CJRA") requires that each United States District Court implement a Civil Justice Expense and Delay Reduction Plan

> to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and *inexpensive* resolutions of civil disputes. (Emphasis Added)

28 U.S.C. § 471 (1993).

The mandate of the CJRA is clear. In *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D.Del. 1992), this Court made clear that

> Federal courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner. District courts may employ various methods to achieve the goal of delay and expense reduction, depending on the character of the court's caseload. [footnote omitted.] In this district, patent cases represent a sta-

tistically significant portion of the caseload and a significant challenge with regard to delay and expense reduction methods. The judges of the district have adopted a Plan under the CJRA, which incorporates measures to foster a reduction in the disposition time of all cases filed in the district. [footnote omitted.]

> Although the Plan relies principally upon the reduction in time delays as the catalyst for cost reduction, the Court is convinced that additional efforts are necessary to accomplish the CJRA's goal of expense reduction.

*Id.*

The Court is persuaded that the present discovery disputes demonstrate at least some recalcitrance on the part of counsel and/or parties to comply with their discovery obligations. Therefore, the Court concludes that the discovery dispute between General Signal and Applied presents one of the instances where additional efforts are necessary to accomplish the goals of the CJRA. To achieve the CJRA's mandate of efficient and inexpensive resolution in the present discovery dispute, the Court deems it appropriate to ascertain the cost of litigation to date.

Accordingly, counsel shall submit under seal (1) the total dollar amount billed to their respective client for the conduct of this litigation through June 1, 1996, including attorney and support staff compensation and expenses. Expenses include but are not limited to copying, phone calls, and travel.

Once the Court has received and reviewed the information requested, it will be in a better position to efficiently address and resolve in a timely fashion the present disputes.