PLANT GENETIC SYSTEMS, N.V., Plaintiff,

v.

NORTHRUP KING CO., Defendant.

Civil Action No. 96–459 JJF.

United States District Court, D. Delaware.

Aug. 1, 1997.

Kent A. Jordan, of Morris, James, Hitchens & Williams, Wilmington, DE (Eric H. Weisblatt, of Burns, Doane, Swecker & Mathis, Alexandria, VA, of counsel), for Plaintiff.

William H. Sudell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, DE (Raymond

A. Hayward, and Katherine McConahay Nealon, of Dorsey & Whitney, Minneapolis, MN, of counsel), for Defendant.

## *OPINION*

FARNAN, Chief Judge.

Presently before the Court is a discovery dispute between Plaintiff Plant Genetic Systems, N.V. (PGS) and Defendant Northrup King Co. (Northrup King) regarding approximately 20,000 "one-line" English language summaries of documents written in a foreign language. PGS, a Belgian company, prepared these translations at the request of PGS' attorneys to assist counsel in determining what documents are relevant to the instant action. Counsel for PGS has refused Northrup King's request to produce these summaries, asserting that they are protected work product because they were prepared in anticipation of the instant litigation and their production would reveal the thought processes and trial strategy of PGS' counsel. Northrup King has applied to the Court to order the production of these "one-line" summaries so as to reduce the time, effort, and expense of this litigation. For the reasons discussed below, the Court will grant Northrup King's request for production of the approximately 20,000 "one-line" summaries.

## *Background*

The parties requested a telephone conference by letter to the Court (D.I. 30). The telephone conference was held on May 2, 1997 at which the parties summarized their positions regarding the translations and other matters not at issue here.

Counsel for Northrup King argued that the one-line summaries should not be protected as work product because: (1) virtually all the documents with potential relevance to the instant litigation have had a one-line summary prepared and therefore the thought processes and trial strategy of counsel for PGS are not at risk because it would be impossible to discern from such a great quantity of one-line summaries exactly which documents opposing counsel thought were important; (2) any documents that are essential to the trial strategy of either party will come to light anyway either during deposi-

tions or the trial itself; and (3) therefore, counsel for Northrup King is not asking for information it would not receive anyway in the course of the litigation, but rather is asking for the Court's assistance in reducing the costs of the litigation by allowing Northrup King to avoid the expense of duplicate translations.

Counsel for PGS disputed the characterizations advanced by Northrup King. They argued that: (1) a one-line summary was not prepared for all the documents, but rather only those that met certain criteria established by counsel in preparation for the instant litigation. These criteria were used by PGS to sift through the approximately 620,000 documents that were possibly within the scope of this litigation. After reviewing the one-line translations, counsel for PGS then requested longer summaries for some documents and full translations for others; (2) producing the one-line summaries would reveal which documents met the criteria established by PGS' counsel and would therefore expose the thought processes of counsel; and (3) the fact that those documents that are most important to the instant litigation will come to light during depositions or the trial is not relevant to the question of whether the summaries should be protected as work product. In sum, PGS asserted that production of the one-line summaries would reveal which documents were considered important by counsel for PGS, and such knowledge would give an unfair advantage to Northrup King.

## *Discussion*

█ Generally, selection of documents by counsel in anticipation of litigation is protected by the work product doctrine. *See Sporck v. Peil,* 759 F.2d 312 (3d Cir.1985). In *Sporck,* the plaintiff demanded the production of documents used by defense counsel to prepare the defendant for his deposition. Both parties agreed that the individual documents at issue were not "opinion" work product within the meaning of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) or Federal Rule of Civil Procedure 26(b)(3). However, defense counsel in *Sporck* argued that revealing which documents were selected to prepare the defendant for the deposition would also reveal the

**332**

defense's strategy. The Third Circuit agreed. In the instant dispute, PGS maintains that its situation is similar to that of the defense in *Sporck,* and that this Court is therefore bound by that decision to protect the one-line summaries as work product. PGS also relies on this Court's decision in *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.,* 142 F.R.D. 420 (D.Del. 1992). In *Schwarzkopf,* the plaintiff produced a list of withheld documents at the defendant's request. However, the list did not specify the name of each and every withheld document, but rather grouped some of them under the title "collections." The defendant moved to compel the discovery of each document but this Court, relying on *Sporck,* held that to do so would reveal the plaintiff's understanding of the case.

The Court is not persuaded that the instant dispute is covered by the umbrella of *Sporck* and *Schwarzkopf.* The question before the Court revolves around when the protected selection occurs, that is, at what point in the process does a selection of documents by counsel reveal a trial strategy? This litigation involves a large number of untranslated documents, typically many of which will be of no use to either party. Of these documents, counsel for PGS identified some 20,000 to be summarized with a single sentence in English, which allowed them to identify 2,000 documents for longer or full translation. The Court is persuaded that the 20,000 one-line summaries were part of a culling process, rather than a protected selection of documents. The Court is convinced that document selection by PGS rose to the level protected by *Sporck* only at the point where documents were selected for longer or full translation because it is these documents that counsel for PGS considers important enough to be translated into English for the benefit of the Court or a jury. The Court does not believe that the production of the summaries will reveal to the Defendant PGS' understanding of the case, but that it will add some efficiency to the normally complex and inefficient discovery process.

As a further reason for production, the Court is mindful that Section 471 of the Civil Justice Reform Act ("CJRA") requires each United States District Court to implement a Civil Justice Expense and Delay Reduction Plan "to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and *inexpensive* resolutions of civil disputes." 28 U.S.C. § 471 (1993) (emphasis added).

The mandate of the CJRA is clear. In *Schwarzkopf,* this Court concluded that "Federal courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." In the instant dispute, the Court has given PGS due consideration for its concern about work product but is of the opinion that production of the one-line summaries will not reveal PGS' thought processes or trial strategy but will conform to the spirit of CJRA by helping this dispute towards a speedy and inexpensive resolution.

### *Conclusion*

For the reasons discussed, the Court will compel the discovery of the approximately 20,000 one-line summaries prepared by PGS. An appropriate order will be entered.