**NATURE'S PLUS NORDIC A/S and Dermagruppen A/S, Plaintiffs,**

v.

**NATURAL ORGANICS, INC., House of Nature A/S, Hans Kare Lundestad, and Organic House A/S, Defendants.**

**No. CV 09–4256(ADS)(AKT).**

United States District Court, E.D. New York.

March 28, 2011.

---

Christopher Robert Kinkade, Ernest Edward Badway, Fox Rothschild LLP, New York, NY, for Plaintiffs.

Kevin Schlosser, Melanie Dyani Hendry, Meyer Suozzi English & Klein P.C., Mineola, NY, Mark S. Mulholland, Thomas Anthony Telesca, Ruskin Moscou Faltischek PC, Uniondale, NY, for Defendants.

## ORDER

A. KATHLEEN TOMLINSON, United States Magistrate Judge:

### I. PRELIMINARY STATEMENT

Natural Organics, Inc., one of the Defendants in this action (hereafter "Natural Organics" or "Defendant"), moves by letter motion for an Order compelling Plaintiffs, at Plaintiffs' sole expense, to produce all English translations and English summaries of foreign documents within their possession and to promptly obtain and provide translations for all other foreign language docu-

ments referred to in answers to interrogatories and/or otherwise to be produced by Plaintiffs during discovery. *See* DE 42. For the reasons set forth below, Defendant's motion to compel is GRANTED in part and DENIED in part.

## II. *Parties' Contentions*

On June 4, 2010, the parties provided the Court with a joint status letter in anticipation of the June 9, 2010 discovery status conference. *See* DE 32. In this letter, the Defendant advised the Court that "[i]n response to interrogatory numbers 7, 8, 9, and 14, Plaintiffs refer to documents in a language other than English." DE 32 at 8. The Defendant argues that Plaintiffs' responses violate Rule 33(d) of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.1(a). In addition, the Defendant maintains that Plaintiffs should be required to provide translations of all documents produced in this action. *Id.* Lastly, to the extent the Plaintiffs have already translated the documents produced for their own attorneys, the Defendant argues that there is no reason why those translations should not be provided to Natural Organics.

Plaintiffs, on the other hand, allege that the production of and reference to non-English documents do not violate the Federal Rules or the Court's Local Civil Rules because these rules "do not require Plaintiffs to translate or otherwise identify, describe, or explain non-English documents when such documents are produced as kept in the ordinary course of business." DE 32 at 8. Like the Defendant, Plaintiffs maintain that they would also have to hire a commercial translation service to accurately translate the non-English documents. *Id.* Furthermore, the Plaintiffs agree that defendants (and the Court) are entitled to translations of documents Plaintiffs will rely upon, but Plaintiffs do not agree that they have an obligation to translate all documents that will be produced in discovery. To the extent Plaintiffs have translated certain documents for counsel, such communications

and translations are the epitome of documents protected by the attorney-client privilege and work product doctrine since such translations were provided precisely for the purpose of obtaining legal advice or preparing this matter for trial. The selection of specific documents by Plaintiffs to bring to counsel's attention is clearly privileged information.

*Id.* at 9.

At the June 9, 2010 conference, the Court heard some limited argument on the issue of translating the foreign language documents to English and gave the parties until June 18, 2010 to provide the Court with whatever case law they wished to provide to support their arguments regarding whose burden it is to have documents that are produced in discovery translated into English. *See* DE 33. Only the Defendant provided this written submission, which also serves as its letter motion. DE 42.

## III. *Discussion*

The Defendant, in arguing that Plaintiffs must provide translations of all foreign language documents, separates the documents into three categories.

### A. Existing Translations of Documents

█ The first category of documents the Defendant seeks to have produced are all existing translations of foreign language documents currently in Plaintiffs possession or for which the Plaintiffs will obtain their own translations. Notwithstanding arguments of work product,[1] courts have concluded that if a responding party to discovery has translations to the foreign documents produced, then it must produce the translated documents as well. *See, e.g., Hajek v. Kumho Tire Co.,* No. 08–CV–3157, 2010 WL 503044, at *11 (D.Neb. Feb. 8, 2010) (directing defendant to produce any English translations of documents produced to the extent defendant has such translations); *ICE Corp. v. Hamilton Sundstrand Corp.,* No. 05–4135, 2007 WL 4239454, at *2 (D.Kan. Nov. 30, 2007) (finding

---

1. A recurring argument in cases addressing this issue is that an attorney's selection of which documents to translate is protected opinion work

product under Rule 26(b)(3) as it reflects the mental opinions and impressions of the attorney.

that "defendants are required to produce *all* responsive documents [to all prior requests for production] in their care, custody and control, including any versions they have of these documents in English"); *Contreras v. Isuzu Motors, Ltd,* No. Civ. 98–442, 1999 WL 33290667, at *3 (W.D.Tex. Apr. 2, 1999) (concluding that the responding party "must provide the English translations, to the extent they have custody or control over such translations, of such responsive documents if English translations have ever been made of such responsive documents").

This District, in *In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987,* No. MDL 787, 1996 WL 684434 (E.D.N.Y. Nov. 19, 1996) also addressed the issue of whether the translations of produced foreign documents should also be turned over, or, instead, are protected work product. First, the *In re Air Crash* court found that the production of "translations prepared in the course of general discovery" was not entitled to the protection given to opinion work product. *See In re Air Crash,* 1996 WL 684434, at *2. Although the court concluded that "[b]ecause the English translations were documents prepared in anticipation of litigation" they received qualified immunity as "ordinary" work product pursuant to Rule 26, the court nevertheless found that the plaintiff demonstrated both a substantial need and an undue hardship under the Rule. *Id.; see also* Fed. R.Civ.P. 26(b)(3) (stating that documents prepared in anticipation of litigation are discoverable only if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means"). In so holding, the court reasoned that to require the plaintiff to hire its own translation agency to review and translate documents already translated "would needlessly prolong discovery and does not protect any privileged material."

Based on the holding in *In re Air Crash,* and the holdings of our sister districts, the Court finds Plaintiffs' arguments against production of already translated documents unpersuasive. Although the translated documents receive some protection as ordinary work product, it is clear with regard to for-

eign documents produced that the receiving party has a substantial need to also have any existing translations in order to understand the content of the documents. Further, to force the Defendant to have to translate documents already translated would cause an undue hardship. Similarly, the Plaintiffs are required to produce any English summaries of foreign documents that they may have made. *See Contreras,* 1999 WL 33290667, at *3 ("It is clear that the analysis or interpretations of [English] summaries are protected by the attorney-client privilege, however, the English summaries are not protected by the privilege."); *Plant Genetic Systems v. Northrup King Co.,* 174 F.R.D. 330, 332 (D.Del.1997) (compelling the discovery of 20,-000 one-line summaries identified by plaintiff's counsel because "the 20,000 one-line summaries were part of a culling process, rather than a protected selection of documents"). Therefore, to the extent Plaintiffs have custody or control over English translations and/or summaries of the foreign documents produced to the Defendant, they are required to produce the English translations and summaries as well.

### B. Documents in Response to Interrogatories

■ The second category of documents for which the Defendant seeks to compel translation and production encompasses those documents the Plaintiffs identified and relied upon in response to interrogatories pursuant to Fed.R.Civ.P. 33(d). Rule 33(d) states that "[i]f the answer to an interrogatory may be determined by … a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party," then a party may respond in this manner. Fed.R.Civ.P. 33(d).

Like the Defendant, the Court was unable to identify a single federal case within the Second Circuit that addresses whether a party responding to interrogatories by reference to foreign documents is obligated to translate the documents at its own expense. However, two district courts that have addressed this issue have held that, without a translation of the foreign business record, the interrogato-

ry response runs afoul of Rule 33(d). *See Sungjin Fo–Ma, Inc. v. Chainworks, Inc.,* No. 08–CV–12393, 2009 WL 2022308, at *4–5 (E.D.Mich. July 8, 2009); *E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* No. 04–CV–5153, 2006 WL 3251830, at *5 (E.D.Cal. Nov. 8, 2006). In *Sungjin,* the court concluded that plaintiff's reliance on invoices written in Korean to respond to defendant's interrogatories did not comply with Rule 33(d). In addition to failing to specify which documents responded to which interrogatories, the court concluded that "[t]he burden on Defendant would be great if Defendant has to translate each document" and found that the "Defendant has shown that the burden of deriving or ascertaining the answers is not substantially the same for both parties." *Sungjin,* 2009 WL 2022308, at *5 (internal quotations and citation omitted). Likewise, with regard to Italian documents identified by defendant to respond to interrogatories, the court in *E. & J. Gallo* reasoned:

> Normally, in responding to a request for production of documents, the requesting party would bear the cost of translating documents written in a foreign language. However, here, [defendant] has made the decision to produce the documents in lieu of responding to an interrogatory, which imposes the duty on [defendant] to provide documents from which the response to the interrogatory is clearly ascertainable. Referencing documents written in a foreign language does not completely fulfill this duty.

*E. & J. Gallo,* 2006 WL 3251830, at *5.

■ Although the case law is limited, the Court agrees with those courts that have addressed this issue and finds that when a party responds to an interrogatory by producing documents written in a foreign language, Rule 33(d) requires the responding party to provide a translation of those documents. Therefore, with regard to the docu-ments identified by Plaintiffs in response to Defendant's interrogatory numbers 7, 8, 9, and 14, the Plaintiffs are directed to produce translated documents of the same. However, contrary to the Defendant's belief that the cost to translate these documents should lie solely with the Plaintiffs, the Court finds that the Plaintiffs and Natural Organics should share in the cost, if any, to translate those documents relied on by Plaintiffs to respond to interrogatories 50/50.[2] *See E. & J. Gallo,* 2006 WL 3251830, at *5 ("In order to equalize the burden of deriving the information from the documents and because translation of these documents appear to be in the interest of both parties, the costs of translation ... should be shared."). However, and as discussed *supra,* if these documents have already been translated by the Plaintiffs, then the Plaintiffs are directed to produce the translated versions without cost to the Defendant.

## C. All Documents Produced in Discovery

■ The third and final category of documents the Defendant seeks to have translated by the Plaintiffs are any other documents that are material and relevant to this case that Plaintiffs are required to produce as part of their discovery obligations. Although the case law on this issue is also relatively sparse, the courts that have ruled on it have found that the party responding to document demands are under no obligation under the Federal Rules to translate documents produced. The seminal case addressing this translation issue was *In re Puerto Rico Electric Power Auth.,* 687 F.2d 501 (1st Cir.1982) (hereafter *"In re PREPA"*) where the First Circuit overturned an order from the district court directing the party producing Spanish documents to translate, or pay for translating, all Spanish documents produced during discovery. *See In re PREPA,* 687 F.2d at

---

**2.** For reasons that are unclear to the Court, the court in *Sungjin* was under the impression that there was an argument in the in *E. & J. Gallo* case that the parties agreed to share the costs of translation when the *E. & J. Gallo* court noted that "translation of these documents appears to be in the interest of both parties." *See Sungjin,* 2009 WL 2022308, at *5 (citing *E. & J. Gallo,* 2006 WL 3251830, at *5). Therefore, the court in *Sungjin* did not direct a share of translation costs between the parties. *Id.* Despite this finding, the Court does not construe the quoted language to evidence any potential agreement to share costs in *E. & J. Gallo* and will not place the entire translation burden on the Plaintiffs here.

510. As an initial matter, the First Circuit determined that

> [t]here is virtually no authority on the question of a district court's power to order a party producing documents in discovery to pay—at the pretrial stage—the costs of translating the documents from one language to another for the benefit of the requesting party.

*See Id.* at 506. The First Circuit determined that Rule 34, which governs the production of documents, did not provide the district court with any authority to direct the party producing documents to translate them and that "such orders violate the well-accepted principle that each party bear the ordinary burden of financing his own suit." *Id.* Moreover, the court reasoned that "[i]t follows that each party seeking discovery is expected to bear any special attendant costs." *Id.* at 507. The conclusion in *In re PREPA* has been adopted by district courts outside the First Circuit, including the Southern District of New York. *See Briese Lichttechnik Vertriebs v. Langton,* 272 F.R.D. 369, 373 n. 4 (S.D.N.Y.2011) ("We also note that for discovery purposes, plaintiffs have no obligation to provide translations of the German language documents."); *Contreras,* 1999 WL 33290667, at *1 (finding that "absent special circumstances, there is no authority compelling the [producing party] to translate discovery documents."); *In re Fialuridine Prods. Liab. Litig.,* 163 F.R.D. 386, 387 (D.Col.1995) ("Under *In re PREPA,* a party cannot impose the cost of translating documents that exist in a foreign language on the producing party.").

Although acknowledging that the holding in *In re PREPA* runs contrary to its position here, the Defendant points to a footnote in the opinion which states that "[w]e are not prepared to say at this time ... that a court would never be justified in making an order to translate." *See Id.* at 509 n. 2. In fact, the Defendant points to *Ametex Fabrics, Inc. v. Tongkook Spinning Co.,* No. 93 CIV. 4336, 1994 WL 132402 (S.D.N.Y. Apr. 8, 1994), which ordered the producing party of foreign documents to produce and pay for English translations. However, the Court is not persuaded by the Defendant's reliance on *Ame-*

*tex Fabrics.* In *Ametex Fabrics,* the court granted defendant's request, despite discovery already being closed, to proffer additional documents it would rely on with regard to damages. *Ametex Fabrics,* 1994 WL 132402, at * 1. Given the fact that the defendant "had repeatedly failed to comply with court-ordered deadlines and had entirely failed to produce ... the relevant evidence of cost" and to minimize "the prejudice to plaintiff from undue delay and expense caused by defendant's discovery failings," the court ordered the defendant to translate the documents from Korean into English. *Id.* These facts are distinguishable from the present action. Here, the discovery deadline has not expired and the Plaintiffs have not caused any undue delay during the discovery process. Therefore, the Court finds no basis to shift the obligation from Defendant to the Plaintiffs here to translate documents produced by the Plaintiffs.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to compel is GRANTED in part and DENIED in part. The Plaintiffs are directed to produce all translations that conform with the holdings of this Order within 21 days.

**SO ORDERED.**