Ellen L. STAPLETON

v.

KAWASAKI HEAVY INDUSTRIES, LTD. and Kawasaki Motors Corp., U. S. A.

Civ. A. No. C74–292A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 18, 1975.

Alfred B. Adams, III, of Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for plaintiff.

A. Ed Lane & Robert J. NeSmith, Decatur, Ga., for defendants.

## ORDER

EDENFIELD, Chief Judge.

This is a diversity action in which plaintiff seeks recovery for property damage allegedly resulting from the defective design of defendants' motorcycle. As part of her discovery, plaintiff requested defendants to produce certain documents dealing with the manufacturing specifications of defendants' products. In its order of June 20, 1975, this court ordered defendants to comply with that request. Defendants have produced these documents in the Japanese language, thus necessitating plaintiff's expenditure of $420.00 for their translation. Plaintiff has moved pursuant to Rule 37(b)(2), Fed.R.Civ.P., for the reasonable expenses she incurred in having the documents translated.

Although defendants have dutifully delivered the required documents, they have presented them in a form which renders them useless to plaintiff. Whether or not defendants already had these papers in English, they should have provided plaintiff with English copies. Defendants comprise a large manufacturing firm doing a considerable volume of business in the United States. When defendants sell their products in this country, they must realize that legal actions will be brought both by them and against them from time to time as a result of these sales. In return for the privilege given defendants to sell their products here and enjoy the protection of this country's laws, defendants submit themselves to the processes of American courts, and these courts, by and large, conduct their proceedings in English. Defendants should therefore consider the cost of translating these documents as a reasonable cost of transacting business in this country.

Since the defendants have not contested the reasonableness of the amount, plaintiff is hereby awarded $420.00 as reasonable expenses.

So ordered.