## Conemaugh Coal v. Pittsburgh Contractors

*Kim Bobrowsky,* for plaintiffs.
*David G. Ries,* for defendants.

WETTICK, *J.,* June 18, 1982—This litigation arises out of the sale of two hydraulic excavators. These excavators were manufactured in Germany by defendant Demag Baumaschinen (DEMAG). DEMAG sold the equipment to defendant Demag Material Handling Corporation (DMHC) which is DEMAG's United States distributor. DMHC in turn sold the equipment to defendant Pittsburgh Contractors Equipment Company, a local DMHC dealer from whom plaintiffs purchased the equipment. The purchase price of the equipment exceeded $2,500,000. In this action, plaintiffs seek damages of approximately $4,500,000 because of the alleged failure of the machinery to function properly.

The initial negotiations leading to the equipment's purchase occured in 1976 at a coal show in Detroit. Defendants were aware that plaintiffs were purchasing the equipment for use in a Pennsylvania coal mine and allegedly represented that this equipment was well suited for plaintiffs' particular needs. At the time of the negotiations, plaintiffs were aware that the machinery would be manufactured in Germany. All negotiations were apparently conducted in English, and the writings that constitute the purchase agreement include an English translation of each provision.

The subject of this opinion and order of court is plaintiffs' motion to compel the DEMAG defendants to produce English translations of documents which these defendants prepared in German in the ordinary course of business. According to plaintiffs, the documents are critical to their case because they consist of (1) job site reports, repair records and work records of German representatives of defendants who worked on the equipment and (2) summaries of problems with other DEMAG machines similar to those which plaintiffs purchased. Defendants dispute plaintiffs' characterization of the documents, contending that they either contain information that has no relationship to the condition of the equipment which plaintiffs purchased or information that is available in records maintained in English of Pittsburgh Contractors Equipment Company.

Defendants are willing to produce copies of the English translation of any documents which they have translated and copies of the documents prepared in German of any documents which they have not planned to translate. However, defendants are not willing to translate for plaintiffs any documents which they have not planned to translate. Thus, plaintiffs' motion raises the issue of the right of a litigant in the Pennsylvania courts to obtain translations of discoverable documents that were prepared in the ordinary course of business in another language by an adverse party.

A request for production of documents is governed by Pa.R.C.P. 4009(a)(1) which permits a party to serve on any other party a request

"(1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents (including

writings, drawings, graphs, charts, photographs, phono-records, and other compilations of data from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of Rules 4003.1 through 4003.5 inclusive and which are in the possession, custody or control of the party upon whom the request is served."

Rule 4009 requires production only of documents that are within a party's possession, custody, or control. And because defendants have no documents in their possession, custody, or control which translate into English those documents which plaintiffs seek, defendants contend that plaintiffs' request to compel the translation of documents into English is outside the scope of Rule 4009 and therefore must be denied. We agree. A court has no inherent power to compel discovery. Consequently, it may compel only such discovery as is provided for by our rules of civil procedure, and Rule 4009 does not empower a court to compel the translation into English of documents prepared in another language.

Plaintiffs' reliance on the provision of Rule 4009(a)(1) extending discovery to "other compilations of data from which information can be obtained, translated, if necessary, by respondent through detection devices into reasonably usable form" is misplaced. By its express terms, this provision is limited to information that can be translated by detection devices. Thus, its obvious purpose is to require a party to retrieve data already stored in a computer—a very different and less onerous task than the translation of documents from a foreign

language into English.[1] Plaintiffs' reliance on Rule 4003.1 which subjects to discovery the "content" of any document is also without merit. By producing documents written in German, defendants have made their content available to plaintiffs. The right to have the content presented in a more meaningful manner is governed by the provisions of Rule 4009 that we previously discussed.

Before reaching this result, we have considered Stapleton v. Kawasaki Heavy Industries, Ltd., 69 F.R.D. 489 (N.D. Geo., 1975), the only reported case considering this issue. In this case which involved a claim for property damage based upon defective design, plaintiffs requested defendants to produce documents dealing with manufacturing specifications. The documents which defendants produced were written in Japanese, and the court ordered defendants to reimburse plaintiffs for the cost of their translation. The court supported its decision with the following rationale:

"Although defendants have dutifully delivered the required documents, they have presented them

---

1. The reading of Rule 4009 in this fashion is also supported by the Explanatory Note—1978 to this rule which provides that

"(2) The definition of 'documents' is expanded to include modern electronic compilations of data which can be decoded and reduced to usable form. If this would impose substantial expense in processing the data through printouts, the court has ample power under Protective Order Rule 4012 to condition the discovery on payment of his expense by the inquirer. Phono records or similar devices are also included in the definition of documents."

Also see National Union Electric Corp. v. Matsushita Electric Industries Co., 494 F.Supp. 1257 (E.D. Pa., 1980), which reads a comparable provision of the Federal discovery rules to compel only translations of computer data.

in a form which renders them useless to plaintiff. Whether or not defendants already had these papers in English, they should have provided plaintiff with English copies. Defendants comprise a large manufacturing firm doing a considerable volume of business in the United States. When defendants sell their products in this country, they must realize that legal actions will be brought both by them and against them from time to time as a result of these sales. In return for the privilege given defendants to sell their products here and enjoy the protection of this country's laws, defendants submit themselves to the processes of American courts, and these courts, by and large, conduct the proceedings in English. Defendants should therefore consider the cost of translating these documents as a reasonable cost of transacting business in this country." 69 F.R.D. at 490.

We are not following this opinion because the court's decision was not based on any procedural rules. Discovery is governed by procedural rule, not notions of public policy, and in the absence of procedural rules which empower a court to compel a respondent to translate documents at its expense, a court has no power to enter such an order. See Soetaert v. Kansas City Coca-Cola Bottling Co., 16 F.R.D. 1 (W.D. Mo., 1954).

This position is supported by Goodrich-Amram 2d §4009(a):1.

"The Rule contemplates the production of documents in existence and cannot be used to request another party to prepare, or cause to be prepared, a writing to be produced for inspection. However, this principle does not apply to a computer 'printout,' which is within the Rule 4009 definition of a 'document' and which does not involve the prepara-

tion of a document, but rather involves the presentation in readable form of information already stored in the computer."

Finally, the construction of the discovery rules in this fashion will not frustrate the purpose of discovery of placing the parties on an even footing in obtaining relevant information prior to trial. Our ruling that a party will not be compelled to translate documents written in a foreign language into English does not give an advantage to the party who is conversant in the language in which the documents are written, because this party is required to divulge whatever he or she knows about the documents' contents. Any writings of this party which translate documents written in a foreign language into English or which summarize the contents of these documents are subject to discovery under Rule 4009.[2] Also, through depositions and interrogatories anyone may discover what this party and his or her counsel know of the documents' contents. Thus, the party seeking to discover the contents of documents written in a foreign language has access to any information about their contents that any party possesses. The only information that respondent need not provide is information of their contents that is not known to this party. This court's ruling places on the party seeking discovery the burden of obtaining a more meaningful translation of the contents of such documents.

For these reasons, we enter the following order of court

---

2. Such writings are within the scope of discovery as defined by Rule 4003.1, and they are not excluded by Rule 4003.3's narrow work product protection.

## ORDER

On this June 18, 1982, it is hereby ordered that plaintiffs' motion to compel defendants to translate writings is denied.