**Edwin P. COOK, et ux, Plaintiffs,**

v.

**VOLKSWAGEN OF AMERICA, INC., et al., Defendants.**

**Civ. A. No. 83–2129.**

United States District Court, S.D. West Virginia, Charleston Division.

March 13, 1984.

---

Marvin W. Masters, Barbara J. Keefer, Masters & Taylor, Charleston, W.Va., for plaintiffs.

John R. Fowler, Charleston, W.Va., Meyer, Darragh, Buckler, Debenek & Eck, Pittsburgh, Pa., for defendants.

ORDER

HADEN, Chief Judge.

The Plaintiffs, who are citizens of West Virginia, bring this products liability action against Volkswagen of America, Inc., a New Jersey corporation, and Volkswagen Aktiengesellschaft [VWAG], a foreign corporation, which is not doing business in the United States and which has been brought into this litigation, pursuant to the Hague Convention. Currently pending before the Court is the Plaintiffs' motion to compel VWAG to supply the Plaintiffs with English translations of its response to Paragraphs 2, 4, 6, 7 and 8 of the Plaintiffs' second request for production of documents. In seeking this relief, the Plaintiffs are attempting to avoid the "considerable expense" of having VWAG's responses translated from German to English. While the Plaintiffs have not seen fit to submit a memorandum of law in support of their motion, the Court notes that *Stapleton v. Kawasaki Heavy Industries, Ltd.,* 69 F.R.D. 489 (N.D.Ga.1975) (granting a motion to compel *without citing authority,* reasoning that the expense to the foreign corporate defendant of providing the translations was a reasonable cost of transacting business in the United States) would lend support to the Plaintiffs' motion. The better-reasoned view, however, is that the Plaintiffs must bear this expense at this stage of the litigation. *See In Re Puerto Rico Electric Power Authority,* 687 F.2d 501, 506–10 (1st Cir.1982) ("It is generally assumed, as the Supreme Court stated in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 [94 S.Ct. 2140, 40 L.Ed.2d 732] ... (1974) that each party is to bear the 'ordinary burden of financing [their] own suit.' *Id.* at 179 [94 S.Ct. at 2153] .... "). Accordingly, the Court hereby denies the aforementioned motion, filed March 2, 1984.*

---

* Should the Plaintiffs ultimately prevail in this action, however, they may then seek to recover their translation expenses, pursuant to 28 U.S.C. § 1920 and *Rule* 54(d), Federal Rules of Civil Procedure. *See Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 133 (5th Cir. 1983); *In Re Puerto Rico Electric Power Authority, supra,* at 510.