## In re KOREAN AIR LINES DISASTER OF SEPTEMBER 1, 1983.

MDL No. 565.

Misc. No. 83-0345.

Civ. A. Nos. 83-3442—83-3445, 83-3448—83-3467, 83-3486, 83-3472, 83-3898, 83-3900, 84-0029, 84-0030, 84-0082—84-0084 and 84-0402.

United States District Court, District of Columbia.

Aug. 2, 1984.

Juanita M. Madole, Liaison Counsel, Speiser, Krause & Madole, Washington, D.C., for plaintiff.

George N. Tompkins, Jr., Condon & Forsyth, New York City, for defendant Korean Air Lines.

Mark A. Dombroff, Torts Branch, Civ. Branch, Dept. of Justice, Washington, D.C., for defendant U.S.

John J. Martin, Bigham, Englar, Jones & Houston, New York City, for defendant Litton Industries, Inc.

Thomas J. McLaughlin, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendant The Boeing Co.

Embassy of U.S.S.R., Washington, D.C., for defendant Soviet Socialist Republic.

### ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Presently before the Court is a motion by the Plaintiffs' Steering Committee (PSC) for an Order directing defendant Korean Air Lines to translate or to produce English translations of Korean language documents obtained through discovery. Alternatively, the PSC suggests that the cost of such translations be considered a shared discovery cost. Korean Air Lines quickly moved to oppose the motion that it bear the cost of translating documents obtained by the PSC in discovery against the defendant. Litton Systems, Inc. (Litton) has submitted an opposition to the alternative proposed by the PSC to require that all parties contribute to the cost of translating Korean Air Lines documents into English for use by the PSC.

The usual rule is that each party must finance his own suit. In keeping with this rule, each party pays its own pretrial discovery costs. Upon the conclusion of the litigation the Court may award these costs to the prevailing party. More specifically, this Circuit has recognized translation expenses as a pretrial discovery cost which is "explicitly authorized by 28 U.S.C. § 1920(6)." *Quy v. Air America, Inc.,* 667 F.2d 1059, 1063 (D.C.Cir.1981).

In this case, the Court finds no reason to depart from the well-established principle that plaintiffs and defendants alike must bear their own burdens with respect to pretrial discovery costs. The PSC argues that the cost of translation should be con-

sidered a reasonable cost of doing business in the United States. The Court is not persuaded by this argument and neither the case authority nor the equities weigh on Plaintiffs' side. The cases have held, with one exception, that translations costs may be taxed as costs *at the conclusion of the litigation. Quy v. Air America, Inc.,* 667 F.2d 1059 (D.C.Cir.1981); *Studiengesellschaft Kohle v. Eastman Kodak Co.,* 713 F.2d 128 (5th Cir.1983); *In re Puerto Electric Power Authority,* 687 F.2d 501 (1st Cir.1982). The First Circuit found that the Federal Rules do not confer upon the district court the power to require payment of translation expenses at the pretrial stage. 687 F.2d at 506.

Moreover, while the Practice and Procedure Order of December 16, 1983 does provide that "the cost of discovery incurred by any party shall be borne by the respective party." The Practice and Procedure Order further requires each action brought on behalf of each decedent to contribute Five Hundred Dollars ($500) to pay liability expenses. Plaintiffs already have in place a mechanism which has generated a fund for just such a cost as translation expenses.

Finally, at this pretrial stage, the Court finds no reason to require Korean Air Lines to contribute to the financing of litigation against it. Likewise, there is no reason to require defendants having no participation in either the request or the production of Korean language documents to pay the cost of translation. While the Court will not condone an unnecessary escalation of such costs by the production of Korean language documents when English translation are equally available, neither will Korean Air Lines or any defendants be required to bear what is rightly Plaintiffs' burden.

Therefore, for the foregoing reasons, it is by the Court this 2nd day of August, 1984,

ORDERED, that the Plaintiffs' Motion to Direct Korean Air Lines to provide English translations of documents which it produced in the Korean language be and hereby is DENIED in all respects.