840 So.2d 147 (2002)
Ex parte MAPLE CHASE COMPANY.
(In re Keith Dickerson v. Alabama Home Mortgage Company, Inc., and Maple Chase Company).
1001794.
Supreme Court of Alabama.
June 28, 2002.
*148 James E. Davis, Jr., and Jeffrey T. Kelly of Lanier Ford Shaver & Payne, P.C., Huntsville, for petitioner.
Glenda G. Cochran of Cochran & Associates, Birmingham, for respondent.
BROWN, Justice.
Maple Chase Company ("MCC") petitions this Court for a writ of mandamus directing the trial court to vacate its order requiring MCC to reimburse Keith Dickerson for the costs his counsel incurred in traveling to MCC's principal place of business in Downersgrove, Illinois, and MCC's production facility in Chihuahua, Mexico, to inspect and copy documents Dickerson requested from MCC, as well as costs incurred for translating the documents located at MCC's Mexico facility from Spanish to English. We grant the petition and issue the writ.

Facts and Procedural History
Dickerson sued MCC, a manufacturer of smoke detectors, for injuries he sustained when his apartment caught fire. Dickerson asserted products-liability and breach-of-warranty claims against MCC, who manufactured the smoke detector located in Dickerson's apartment.
On November 1, 2000, Dickerson served his "First Consolidated Discovery Requests," which consisted of 65 interrogatories[1] and 39 requests for production. On December 1, 2000, MCC filed objections to the discovery requests, generally contending that the requests sought information not discoverable under Rule 26, Ala. R. Civ. P., and that the requests were overly broad and unduly burdensome. Thereafter, Dickerson filed a motion to compel. On December 12, 2000, Judge Thomas Woodall granted the motion and ordered MCC to supplement its responses to Dickerson's discovery within 30 days. On January 12, 2001, MCC served its supplemental responses on Dickerson. Dickerson reviewed the responses and, apparently, still believing the responses to be insufficient, Dickerson filed another motion to compel and a motion for sanctions. Judge Woodall had become a member of this Court in the interim, and Judge Wayne Thorn heard Dickerson's motion. On March 15, 2001, Judge Thorn entered the following order:
"The Defendant, Maple Chase, is hereby ordered to produce all documents relating to the model G smoke-detector. The said Defendant is also ordered to produce all documents relating to the photo-electric and `combo' smoke-detectors from January 1, 1988 to the date of the fire which is the basis of this lawsuit.
"The said Defendant shall produce documents on all smoke-detectors, photo-electric and `combo,' where there are judgments in any court or any settlement of cases from January 1, 1988, to the date of the fire made the basis of this action. The said Defendant shall produce documents reflecting all judgments in any court or settlement of any cases involving model G or `ionization' type smoke-detectors.

*149 "The said Defendant shall pay the reasonable expenses incurred by the Plaintiff in traveling to and from Downersgrove, Illinois and Chihuahua, Mexico for the purposes of examining all documents concerning the smoke-detectors. The Plaintiff shall submit to this court, within seven days from the date of this order, a request to the appropriate court in Mexico to appoint an impartial translator. The said Defendant shall pay the reasonable costs of employing a translator for use by the Plaintiff. The Plaintiff shall travel to these locations sometime within sixty days from the date of this order."
After the case had been transferred to Judge Tom King, MCC filed a motion for protective order, or to alter, amend, or vacate the March 15, 2001, discovery order. In its motion, MCC argued that no basis existed on which the trial court could order MCC to pay Dickerson's travel expenses and the costs of a translator. Following a hearing, Judge King denied MCC's motion on May 29, 2001. Thereafter, MCC petitioned this Court for a writ of mandamus, and we ordered an answer and briefs.
Analysis
"Rule 26, Ala. R. Civ. P., governs the discovery of information in civil actions. When a dispute arises over discovery matters, the resolution of the dispute is left to the sound discretion of the trial court. `Discovery matters are within the trial court's sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.' Wolff v. Colonial Bank, 612 So.2d 1146, 1146 (Ala.1992) (citations omitted); see also Ex parte Hicks, 727 So.2d 23, 33 (Ala.1998) (Maddox, J., dissenting).
"Petitioning for the writ of mandamus is the proper method for determining whether a trial judge has abused his discretion in limiting discovery. Ex parte Allstate Ins. Co., 401 So.2d 749, 751 (Ala.1981). The writ of mandamus is a drastic and extraordinary remedy, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Horton, 711 So.2d 979, 983 (Ala.1998) (citing Ex parte United Serv. Stations, Inc., 628 So.2d 501 (Ala. 1993)); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991) (citing Martin v. Loeb & Co., 349 So.2d 9 (Ala.1977)). Moreover, this Court will not issue a writ of mandamus compelling a trial judge to alter a discovery order unless this Court `determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.' Ex parte Horton, 711 So.2d at 983. Moreover, `"[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief," and "[t]he writ will not issue where the right in question is doubtful."' Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala. 1981))."
Ex parte Henry, 770 So.2d 76, 79-80 (Ala. 2000).
In its brief, MCC acknowledges that the trial court has broad discretion in ruling on discovery matters and in imposing sanctions on a party that fails to comply with a discovery order. However, MCC contends that the trial court abused its discretion by requiring MCC to pay Dickerson's travel expenses and the costs of translating documents *150 from Spanish to English without first concluding that MCC had engaged in any sanctionable conduct. Moreover, MCC argues that the trial court could not have concluded that MCC had engaged in sanctionable conduct because before the March 15, 2001, hearing, the trial court had not ruled on MCC's objections to Dickerson's discovery requests. Therefore, MCC maintains, it was under no duty to respond to the discovery requests before the trial court's March 15, 2001, determination as to which documents MCC was required to produce.
Our research has not revealed any Alabama case directly on point with the issue presented in MCC's petition. However, federal courts have previously addressed similar issues. "Because the Alabama and federal rules are virtually identical, a presumption arises that cases construing the federal rules are authority for construction of the Alabama rules." Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 n. 1 (Ala.1989)(citing Weatherly v. Baptist Med. Ctr., 392 So.2d 832 (Ala. 1981); Smith v. Wilcox County Bd. of Educ., 365 So.2d 659 (Ala.1978); and Assured Investors Life Ins. Co. v. National Union Assocs., Inc., 362 So.2d 228 (Ala. 1978)).
The federal courts have stated that it is a well-accepted principle that each party bears the ordinary burden of financing his own lawsuit. In re Puerto Rico Elec. Power Auth., 687 F.2d 501, 507 (1st Cir. 1982); see also East Boston Ecumenical Cmty. Council, Inc. v. Mastrorillo, 124 F.R.D. 14 (D.Mass.1989); In re Korean Air Lines Disaster of Sept. 1, 1983, 103 F.R.D. 357 (D.D.C.1984); Cook v. Volkswagen of America, Inc., 101 F.R.D. 92 (S.D.W.Va.1984). "In keeping with this rule [that each party must finance his own lawsuit], each party pays its own pretrial discovery costs." In re Korean Air Lines Disaster, 103 F.R.D. at 357. "While the prevailing party is permitted in the court's discretion to recover certain enumerated costs necessary to preparation and presentation of his case, this allocation only occurs after the suit is over." In re Puerto Rico Elec. Power Auth., 687 F.2d at 507 (citing Rule 54(d), Fed.R.Civ.P.).
Dickerson urges us to follow Stapleton v. Kawasaki Heavy Industries, Ltd., 69 F.R.D. 489 (N.D.Ga.1975), in which the United States District Court for the Northern District of Georgia ruled that the Japanese defendants must reimburse the plaintiff for the expenditure of $420 she incurred in having documents the defendant was required to produce translated from Japanese to English. In its one-page opinion, the Stapleton court failed to cite a single case, and we decline to follow the rationale of that quarter-of-a-century-old case. Rather, we believe the better-reasoned view is that a party is required to bear its own pretrial discovery costs and any special attendant costs related to its discovery requests. See In re Puerto Rico Elec. Power Auth., 687 F.2d at 508. We are persuaded that the federal courts are correct in holding that a party cannot impose on the producing party the cost of translating documents from a foreign language. See In re Puerto Rico Elec. Power Auth., 687 F.2d at 507; see also East Boston Ecumenical Cmty. Council, Inc., supra; In re Korean Air Lines Disaster, supra; and Cook v. Volkswagen of America, Inc., supra.
Relying on these authorities, we hold that the trial court abused its discretion when it ordered MCC to reimburse Dickerson for the costs associated with translating the documents produced by MCC. Additionally, we find that the trial court exceeded its authority by requiring MCC to reimburse Dickerson's travel expenses to Illinois and to Mexico to examine *151 and copy documents. See, generally, In re Puerto Rico Elec. Power Auth., 687 F.2d at 507. If Dickerson prevails in this action, the trial court may, in its discretion, award Dickerson reimbursement of his costs of translating documents and his travel expenses; however, we find that the trial court abused its discretion in ordering the reimbursement of those costs at this time.
Because MCC has demonstrated a clear legal right to the relief requested, we grant the petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and JOHNSTONE, J., dissent.
WOODALL, J., recuses himself.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. The petitioner, MCC, has not established that the March 15, 2001 discovery order is not legitimately based on a finding of sanctionable conduct by MCC.
MCC's December 1, 2000 response to the plaintiff's discovery requests consisted solely and entirely of objections, even though the information sought by the requests was largely patently discoverable. MCC initially supplied not one shred of the information sought.
The scope of Judge Woodall's December 12, 2000 order granting the plaintiff's first motion to compel is in dispute between the parties. Judge Woodall heard the motion in open court, issued his discovery order from the bench, and memorialized it with only a cryptic writing.
On February 14, 2001 the plaintiff filed his second motion to compel, which sought sanctions. At issue before Judge Thorn were both the sufficiency of MCC's supplemental responses and the propriety of sanctions against MCC. While Judge Thorn was hearing the plaintiff's second motion to compel, Judge Thorn conferred with Judge Woodall, with the parties' consent, to learn the scope of Judge Woodall's December 12, 2000 discovery order.
MCC has not supplied us with any record of the conference between Judge Thorn and Judge Woodall to enable us to know what Judge Thorn learned. Judge Thorn's March 15, 2001 discovery order, at issue before us now, is the product of his knowledge of the plaintiff's discovery requests, MCC's objections and other responses, the plaintiff's motions to compel, the parties' arguments in open court (also not supplied to us by MCC), and Judge Thorn's conference with Judge Woodall.
In the absence of specific findings of fact, appellate courts will assume that the trial court found the facts necessary to support its judgment, unless such findings would be clearly erroneous. Lemon v. Golf Terrace Owners Ass'n, 611 So.2d 263 (Ala.1992). The calculated nonresponsiveness of MCC's discovery responses is not inconsistent with findings of sanctionable conduct by MCC; we are unable to hold that such findings would be clearly erroneous, because MCC has failed to supply us with the rest of the storythe oral arguments before Judge Thorn and Judge Thorn's conference with Judge Woodall.
Therefore MCC has failed to carry its burden to establish "(1) a clear legal right in the petitioner to the order sought [and] (2) an imperative duty upon the respondent [trial judge] to perform," as required, in pertinent part, for the issuance of a writ of mandamus. Ex parte Henry, 770 So.2d 76, 79-80 (Ala.2000). Accordingly, we should deny the writ.
NOTES
[1] Although Rule 33(a), Ala. R. Civ. P., provides that "[w]hen the number of interrogatories exceeds forty (40) without leave of court, the party upon whom the interrogatories have been served need only answer or object to the first forty (40) interrogatories," Dickerson asserts that the trial court granted him permission to file more than 40 interrogatories.