IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-265

Filed 31 December 2024

Robeson County, No. 21CVS3104

SHEILA MARTIN SESSOMS, Administratrix of the ESTATE OF MATTHEW GIBSON SESSOMS, Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., SUBARU OF AMERICA, INC., SUBARU CORPORATION, SUBARU CORPORATION, f/k/a FUJI HEAVY INDUSTRIES, LTD., NATIONAL CAR AND TRUCK SALES LLC, JC SOLES, JR., in his Individual Capacity, JEREMY G. REGISTER, in his Individual Capacity, and BARRY W. GELEZINSKY, in his Individual Capacity, Defendants.

Appeal by defendants from Toyota Motor Sales, U.S.A., Inc., and Subaru Corporation from orders entered 10 August 2023 by Judge James Gregory Bell in Robeson County Superior Court. Heard in the Court of Appeals 25 September 2024.

> *Abrams & Abrams, P.A., by Noah B. Abrams, and Musselwhite, Musselwhite, Branch & Grantham, P.A., by J. William Owen, for plaintiff-appellee.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jennifer K. Van Zant, Jim W. Phillips, Jr., Andrew L. Rodenbough, and Graham F. Whittington, and Bowman and Brooke LLP, by Patrick J. Cleary and Annie C. Warren, for defendant-appellants Toyota Motor Sales, U.S.A., Inc., and Subaru Corporation.*

PER CURIAM.

This action arises from the death of Matthew Gibson Sessoms, who died in a traffic accident. This appeal is from two interlocutory orders in which the trial court

(1) compelled certain defendants to supplement their discovery responses (the "Discovery Order") and (2) sanctioned said defendants for not adequately responding to discovery requests (the "Sanctions Order").

## I. Background

In July 2021, Mr. Sessoms died in a traffic accident in which a dump truck allegedly ran a stop sign and collided with a 2013 Toyota Scion FR-S he was driving. Mr. Sessoms' passenger exited the Toyota immediately after the collision; but Mr. Sessoms remained in his vehicle, pinned by its steel bumper. At some point while Mr. Sessoms remained pinned inside his vehicle, the engine area caught fire, with the fire breaching into the passenger area. Rescue efforts to extricate Mr. Sessoms were unsuccessful, and he died at the scene.

Mr. Sessoms' vehicle was designed and developed jointly by Toyota Motor Company ("TMC") and Subaru Corporation ("Subaru"), hereinafter referred to as the "Toyota Defendants."

Mr. Sessoms' mother, Sheila Martin Sessoms, is the administratrix of his estate. She brought this action seeking damages arising from her son's death. She added the Toyota Defendants as defendants, alleging that her son's death was caused in part by the faulty design of her son's vehicle which caused it to catch fire with the fire breaching into the passenger area.

In April 2023, after the Toyota Defendants had already answered certain discovery requests and objected to other discovery requests by Plaintiff, Plaintiff

noticed depositions pursuant to Rule 30(b)(6) of our Rules of Civil Procedure, which included document requests. Two months later, in June 2023, Plaintiff deposed the witnesses designated by the Toyota Defendants, all outside of North Carolina.

In July 2023, shortly after the last Rule 30(b)(6) deposition, Plaintiff moved to compel discovery, specifically to provide fuller responses to her prior written requests, to produce more documents (including English translations of certain documents that are currently in Japanese), and further to submit to additional Rule 30(b)(6) depositions. The Toyota Defendants opposed Plaintiff's motion.

In August 2023, after a hearing on the matter, the trial court entered the Discovery Order, directing the Toyota Defendants to provide further responses to Plaintiff's discovery requests. Specifically, the trial court ordered the Toyota Defendants to supplement its answers to certain interrogatories. The trial court ordered the Toyota Defendants to supplement certain requests for production of documents, including providing English translations of documents produced in the Japanese language, and to provide logs identifying those documents responsive to the request but which have been destroyed, or no longer in the possession of the Toyota Defendants or otherwise to which the Toyota Defendants claim a privilege. The trial court also required the Toyota Defendants to provide witnesses for Rule 30(b)(6) depositions and that those depositions take place in Robeson County. The trial court also gave the Toyota Defendants deadlines by which to comply.

Plaintiff, however, moved for sanctions and to compel further discovery, contending that the Toyota Defendants did not comply with the Discovery Order, including, in part, a failure to cause documents previously provided or supplemental documents in their original form in the Japanese language to be recreated in the English language. In December 2023, after another hearing on the matter, the trial court entered the Sanctions Order, sanctioning the Toyota Defendants. In the Sanctions Order, the trial court found that the Toyota Defendants did not timely comply with its Discovery Order.

In the Sanction Order, the trial court sanctioned the Toyota Defendants, in relevant part, as follows: The Toyota Defendants were deemed to have admitted that they were jointly obligated in the design of Mr. Sessoms' Scion; that the engine compartment, firewall, and side structure of the Scion were defectively designed and manufactured; that they had constructive notice of these defects; and that a safer, alternative design was reasonably available to them. (Note that the trial court did not deem the Toyota Defendants liable for Mr. Sessoms' death. Rather, the burden remains with Plaintiff to prove that any defects deemed admitted were a proximate cause of Mr. Sessoms' death.) The Toyota Defendants were also deemed to have admitted certain paragraphs of Plaintiff's complaint and certain paragraphs in their answer were deemed stricken. The trial court further ordered the Toyota Defendants to comply with its prior Discovery Order.

The Toyota Defendants noticed an appeal and filed a petition for a writ of *certiorari* for review of the Discovery Order and the Sanctions Order, both being interlocutory in nature. The Toyota Defendants argue that the orders being appealed affect substantial rights, thereby invoking our appellate jurisdiction. We are compelled by precedent to conclude that the Toyota Defendants' appeal concerning the trial court's ordering Rule 30(b)(6) depositions to be conducted in Robeson County does not affect a substantial right. *See K2 Asia Ventures v. Trota*, 209 N.C. App. 716, 718–19 (2011). And, in our discretion, we do not review that issue. To the extent that the Toyota Defendants do not have an immediate appeal of right to review of other issues concerning the Discovery Order and the Sanctions Order, in our discretion we grant *certiorari* in the aid of our jurisdiction. *See* N.C.G.S. § 7A-32(c).

## II.    Analysis

"[O]ur review of a trial court's discovery order is quite deferential." *Isom v. Bank of Am., N.A.*, 177 N.C. App. 406, 410 (2006). Such orders are typically reviewed for an abuse of discretion. *See, e.g., Sessions v. Sloane*, 248 N.C. App. 370, 381 (2016). However, where statutory interpretation is involved, we review such issues *de novo*. *See, e.g., In re E.D.H.*, 381 N.C. 395, 398 (2022).

Regarding the Discovery Order (and the portions of the Sanctions Order directing the Toyota Defendants to comply with the Discovery Order), we conclude that the trial court did not abuse its discretion, commit reversible error, or the Toyota Defendants have otherwise waived any argument by not timely objecting *except that*

we conclude the trial court erred by requiring the Toyota Defendants to create new documents in English of documents already provided that are in the Japanese language. Rule 26 of our Rules of Civil Procedure allow a party to seek documents in the possession of the adverse party; it does not generally require the adverse party to pay for any said documents to be translated into the English language. *See* N.C. R. Civ. P. 26. In other words, there is no duty to produce documents that do not exist. *See, e.g., Electrolysis Prevention Sols. LLC v. Daimler Truck N. Am. LLC*, 2023 WL 4750822 at \*5 (W.D.N.C. 2023) (refusing to order a party to produce documents that do not exist). Of course, if the Toyota Defendants *already have* English translations of the Japanese-language documents in the normal course of their business or they create English summaries of these documents for any purpose, such documents should be provided as being within the scope of the Rule. *See, e.g., Contreras v. Isuzu Motors, Ltd. of Japan*, 1999 WL 33290667 at \*2–3 (W.D. Tex. 1999).

We note Plaintiff's citation to a federal case in Georgia where the judge compelled a foreign defendant doing business in the United States to create English translations of certain documents. *See Stapleton v. Kawasaki Heavy Indus., Ltd.*, 69 F.R.D. 489, 490 (N.D. Ga. 1975). However, we are persuaded by what we perceive to be the greater weight of authority in the United States that a party producing documents is not required to create new documents consisting of English translations of documents already provided. *See, e.g., In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501 (1st Cir. 1982); *E. Bos. Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124

F.R.D. 14, 15 (D. Mass. 1989); *Cook v. Volkswagen of Am., Inc.*, 101 F.R.D. 92, 92 (S.D. W. Va. 1984) (rejecting *Stapleton* and relying on the reasoning of *Eisen v. Carlisle & Jacquelin*, 417 US. 156, 179 (1974), that each party is to bear the "ordinary burden of financing [their] own suit"); *Fujitsu, Ltd. v. Tellabs, Inc.*, 2009 U.S. Dist. LEXIS 133853 at *12 (N.D. Ill. 2009) (listing cases); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 U.S. Dist. LEXIS 153771 at *6 (C.D. Cal. 2016) (rejecting *Stapleton* analysis); *Mills v. Kia Motors Am., Inc.*, 2010 U.S. Dist. LEXIS 157274 at *4 (M.D. Ga. 2010) (same); *Ex parte Maple Chase Co.*, 840 So.2d 147, 150 (Ala. 2002).

## III.    Conclusion

Having concluded the trial court erred in requiring the Toyota Defendants *to create* and then produce English translations of certain discoverable documents, we reverse the portions of the Discovery Order and the Sanctions Order requiring the Toyota Defendants to do so.  We, otherwise, dismiss the appeal of the issue relating to the Rule 30(b)(6) depositions being held in Robeson County.  And we affirm the Discovery Order.

However, we vacate the Sanctions Order and remand the matter to the trial court to reconsider its Sanctions Order by exercising its discretion in fashioning an appropriate sanction, if it still deems sanctions to be appropriate.  Said sanctions may include those sanctions contained in the Sanctions Order (except the requirement to create English translations of discoverable documents).  On remand, should the trial court invoke sanctions requiring that certain facts be deemed admitted by the Toyota

Defendants, the trial court shall consider arguments that may be raised as to whether the deemed admissions render certain discovery requests by Plaintiff irrelevant to any matter still at issue.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, DISMISSED IN PART, REMANDED.

Panel consisting of Chief Judge DILLON and Judges MURPHY and THOMPSON.